IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST James C. COTTER, Attorney at Law.

Supreme Court

*No. 90–1808–D. Filed November 12, 1992.*

(Also reported in 491 N.W.2d 475.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

We review the recommendation of the referee that the license of James C. Cotter to practice law in Wisconsin be suspended for two years as discipline for profes-

sional misconduct. That misconduct consisted of the following. While engaged in the private practice of law, Attorney Cotter retained fees from clients to which he was not entitled and neglected a client's legal matter and ignored her requests for information concerning the status of that matter. While employed as assistant district attorney, Attorney Cotter failed to file income tax returns with the state of Wisconsin and the Internal Revenue Service for the years 1984 through 1988, even though he had reportable income in each of those years, and he failed to file a brief as respondent in a criminal appeal, notwithstanding an extension of time to do so and numerous notifications from the Court of Appeals to file it.

We determine that the recommended two-year license suspension is appropriate discipline to be imposed for Attorney Cotter's misconduct. In addition to ignoring his professional duty to clients and the courts in which he serves, Attorney Cotter demonstrated a basic dishonesty in his dealings with an employer as well as with the state and federal governments in respect to his tax obligations. The seriousness of that misconduct warrants serious discipline.

Attorney Cotter was admitted to practice law in Wisconsin in 1978. He engaged in private practice in Baraboo until 1987, when he took employment as assistant district attorney for Juneau county, which position he currently occupies. He has not previously been the subject of an attorney disciplinary proceeding. Following a disciplinary hearing, the referee, Attorney Janet Jenkins, made the following findings of fact.

Following bar admission in 1978, Attorney Cotter was a salaried employee at the Baraboo law offices of Attorney Vaughn Conway. It was informally agreed between the two that Attorney Cotter could retain fees

374

generated from clients who were his family members or close friends, as well as his salary as part-time city attorney for Baraboo, a position he took four years after commencing employment with Attorney Conway. The overhead costs of generating the fees Attorney Cotter was permitted to retain were borne by Attorney Conway's law office, unlike the overhead costs attributed to his services as city attorney, which the law office billed directly to the city.

From 1982 through 1987, Attorney Cotter surreptitiously retained fees from clients whose legal matters he handled. Those fees totaled approximately $16,300 and he received them from persons who were neither family members nor his close personal friends. The referee found that Attorney Cotter was not entitled to retain those fees, even if, as he claimed, he was carrying an increased share of the work of the law office and should have received increases in his salary but did not.

Concerning his failure to file state and federal income tax returns for five years, the referee found that in each of those years Attorney Cotter and his wife had reportable gross income and, consequently, had the duty to file returns. The referee rejected Attorney Cotter's contention that, as he believed he was entitled to a tax refund in each of those years, he was under no obligation to timely file the returns. The record disclosed that Attorney Cotter was obligated to pay tax in some of those years.

Toward the end of his employment with the law office, Attorney Cotter was retained by a woman to represent her in a collection matter and he personally kept her $400 retainer. Approximately one month later, the employment relationship between Attorney Cotter and Attorney Conway terminated. Ten months after that, the woman contacted Attorney Conway to ask

about the status of the collection matter. Attorney Conway told her he would not represent her in the matter, as she had paid the retainer to Attorney Cotter and he had kept it. The woman then repeatedly attempted to contact Attorney Cotter but he failed to return her calls and did not return her retainer.

During this time, Attorney Conway and Attorney Cotter were parties in civil litigation arising out of Attorney Cotter's having retained clients fees while employed in the law office. Partly as a result of that litigation, the collection client's legal matter was, in the referee's words, "held hostage" by both attorneys. Attorney Cotter claimed he was not permitted by court order to contact Attorney Conway's clients and, by virtue of a mutual release executed with Attorney Conway resolving their civil litigation, he in effect "repaid" Attorney Conway the retainer he had collected from the client. The referee rejected that contention.

After accepting a position in the prosecutor's office, Attorney Cotter was responsible for representing the state in an appeal of a criminal conviction. When he failed to timely file the respondent's brief in that appeal, the clerk of the Court of Appeals issued a delinquent notice requiring him to file the brief within five days. More than two weeks later, the prosecutor's office obtained an extension of time to file the brief and, when the brief was not filed within the extended period, the clerk sent a second delinquent notice to the prosecutor's office.

Ultimately, the Court of Appeals decided the appeal without a respondent's brief being filed. The referee rejected Attorney Cotter's contention that, because of his workload and because of his belief that the appeal was not meritorious, his filing of a brief would have been a waste of time. In its opinion affirming the conviction,

the appellate court found that the state's failure to file a brief as required by the rules of appellate procedure "seriously inconvenienced the court" and directed the district attorney to pay a $50 sanction for failure to comply with the rules.

When the $50 sanction was not paid, the Court of Appeals referred the matter to the Board of Attorneys Professional Responsibility (Board). Attorney Cotter did not respond to two letters from the Board requesting a written response; two months after the initial inquiry, an attorney representing Attorney Cotter contacted the Board concerning this matter.

Based on these facts, the referee concluded as follows: by personally retaining legal fees while an employee of a law office, Attorney Cotter engaged in conduct involving dishonesty, fraud, deceit and misrepresentation, in violation of former SCR 20.04(4) and current SCR 20:8.4(c); his failure to prepare and timely file personal income tax returns for five years violated a standard of professional conduct established by this court's decisions and violated applicable laws, in violation of former SCR 21.05(5) and current SCR 20:8.4(f);[1] his failure to refund the client's unearned fee and failure to respond to her telephone calls violated SCR 20:1.16(d)[2]

---

[1]SCR 20:8.4 provides:

**Misconduct**
 It is professional misconduct for a lawyer to:
 . . .
 (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;
 . . .
 (f) violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers,

[2]SCR 20:1.16 provides:

**Declining or terminating representation**

and 20:1.4(a),[3] respectively; his failure to file a brief timely in the criminal appeal and to communicate with the court following its notification to do so constituted a knowing disobedience of the rules of the court, in violation of SCR 20:3.4(c)[4] and 20:8.4(f); his failure to respond to the Board's requests for information in the appellate matter violated SCR 22.07(2)[5] and 21.03(4).[6]

. . .
(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by law.

[3]SCR 20:1.4 provides:

**Communication**
(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

[4]SCR 20:3.4 provides:

**Fairness to opposing party and counsel**
A lawyer shall not:
. . .
(c) knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists;

[5]SCR 22.07 provides:

**Investigation.**
. . .
(2) During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administra-

378

In her report filed with the court, the referee addressed at length the discipline to be recommended as a sanction for Attorney Cotter's professional misconduct. In particular, the referee considered the period of time over which that misconduct occurred—at least six years—as a "substantially aggravating circumstance." Another aggravating factor the referee considered was that the misconduct occurred in Attorney Cotter's private practice and as a law enforcement officer of the state. The referee also considered it significant that the misconduct affected several distinct categories of persons within the legal system: another attorney who was his employer, a client, the Court of Appeals, the Board of Attorneys Professional Responsibility and the state and federal taxing authorities. In this respect, the referee said, "The involvement of these varied categories of participants indicates a greater lack of appreciation of ethical responsibilities on Attorney Cotter's part than those situations in which only one or two categories of persons are involved."

The referee also questioned Attorney Cotter's potential for rehabilitation, terming it "uncertain, at best." The referee based that assessment on the lengthy duration of the misconduct and its extent in terms of its nature and the different categories of persons affected by it. The referee specifically addressed the fact that Attor-

tor or committee may make a further investigation before making a recommendation to the board.

[6]SCR 21.03 provides:

**General principles.**

. . .

(4) every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

379

ney Cotter accepted little, if any, responsibility for his misconduct and did not acknowledge that it was sufficiently serious to warrant this disciplinary proceeding.

Recommending a two-year license suspension to be imposed as discipline, the referee stated, "By his misconduct, Attorney Cotter has demonstrated a fundamental dishonesty and disrespect for the legal system which renders him unsuited to the requirement of integrity which is necessary for the system to function properly. By his failure to accept responsibility for his misconduct, Attorney Cotter demonstrates either an unwillingness or inability to understand and accept the need for integrity." We agree.

We adopt the referee's findings of fact and conclusions of law and accept the recommendation for discipline to be imposed for Attorney Cotter's misconduct.

IT IS ORDERED that the license of James C. Cotter to practice law in Wisconsin is suspended for a period of two years, commencing December 14, 1992.

IT IS FURTHER ORDERED that within 60 days of the date of this order James C. Cotter pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of James C. Cotter to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that James C. Cotter comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.