IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
James C. COTTER, Attorney at Law.

Supreme Court

*No. 97–2676–D. Filed November 4, 1997.*

(Also reported in 570 N.W.2d 248.)

¶ 1.  PER CURIAM.  We review the stipulation of the parties that the license of James C. Cotter to practice law in Wisconsin be suspended for one year as discipline for professional misconduct. That misconduct consisted of his preparing, signing and presenting documentation containing false information in his application for a duplicate operator's license in the name of another person. We determine that the license suspension to which the parties stipulated is appropriate.

¶ 2.  Mr. Cotter was admitted to practice law in Wisconsin in 1978 and practiced in Milwaukee. In 1992, the court suspended his license to practice law for two years for personally retaining legal fees while an employee of a law office, failing to prepare and timely file personal income tax returns for five years, failing to refund a client's unearned fee and respond to her telephone calls, failing to file a brief timely in a criminal appeal and communicate with the court following its notification that he do so, and failing to cooperate with the Board of Attorneys Professional Responsibility's (Board's) investigation into the appellate matter. *In re Disciplinary Proceedings Against Cotter*, 171 Wis. 2d 373, 491 N.W.2d 475 (1992). Mr. Cotter's license has not been reinstated and remains suspended.

¶ 3.  The parties stipulated to the following. When arrested on three outstanding warrants for operating after license revocation and disorderly conduct and on a bench warrant for failure to appear in a divorce matter, Mr. Cotter had in his possession an operator's license in the name of another but with his picture on it and two credit cards in the name of that person. The police also recovered an operator's license application issued in the name of that person and other documents in the name of James Cotter.

197

¶ 4. The person whose name appeared on the operator's license, the license application and the credit cards had not applied for a duplicate operator's license and had not given anyone his permission to do so. The analysis of the duplicate license application identified four fingerprints belonging to James Cotter on it. Mr. Cotter was charged with one count of misdemeanor forgery, which later was amended to a criminal violation of the Motor Vehicle Code—using a false name on an application for a license. Mr. Cotter was convicted on a guilty plea and fined $750.

¶ 5. In the course of the investigation into this matter, Mr. Cotter asserted that he had obtained the credit cards from an acquaintance, who was the spouse of the person whose name appeared on them, and that he used them only as a form of identification to obtain the duplicate operator's license. He stated that he expected to rent a motor vehicle during a planned vacation and that his own operator's license had been suspended.

¶ 6. The parties stipulated that Mr. Cotter's preparing, signing and presenting documentation containing false information in the application for a duplicate operator's license constituted a criminal act that reflects adversely on his honesty, trustworthiness or fitness as a lawyer, in violation of SCR 20:8.4(b).[1] We accept the stipulation of the parties in respect to the facts and conclusions concerning Mr. Cotter's mis-

---

[1] SCR 20:8.4 provides, in pertinent part:

**Misconduct**

It is professional misconduct for a lawyer to:

. . .

(b)   commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;

conduct in this matter and determine that the one-year license suspension to which they stipulated is appropriate discipline to be imposed for it.

¶ 7. IT IS ORDERED that the license of James C. Cotter to practice law in Wisconsin is suspended for one year, commencing the date of this order, as discipline for his misconduct established in this proceeding.

¶ 8. IT IS FURTHER ORDERED that within 60 days of the date of this order James C. Cotter pay to the Board of Attorneys Professional Responsibility the costs of this proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of James C. Cotter to practice law in Wisconsin shall remain suspended until further order of the court.

¶ 9. IT IS FURTHER ORDERED that James C. Cotter comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.