# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2014AP1523-D |
| COMPLETE TITLE: | Office of Lawyer Regulation, |
| | Complainant, |
| | v. |
| | John F. Koenig, |
| | Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST KOENIG

| | |
|---|---|
| OPINION FILED: | February 17, 2015 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |
| | |
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |
| | |
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |
| | |
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.  2014AP1523-D

STATE OF WISCONSIN  :  IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against John F. Koenig, Attorney at Law:**

**Office of Lawyer Regulation,**

        **Complainant,**

    **v.**

**John F. Koenig,**

        **Respondent.**

**FILED**

**FEB 17, 2015**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1  PER CURIAM.  We review a report and recommendation of referee James C. Boll, approving a stipulation filed by the Office of Lawyer Regulation (OLR) and Attorney John F. Koenig. In the stipulation, Attorney Koenig admitted one count of misconduct as alleged in the complaint filed by the OLR. The parties jointly recommended that, as a sanction for his misconduct, Attorney Koenig's license to practice law in Wisconsin be suspended for two years and that he also be

required to make restitution to his former law firm in the amount of $12,020. Because Attorney Koenig entered into a comprehensive stipulation, the OLR recommends that no costs be assessed against him.

¶2 Upon careful review of the matter, we agree with the referee's findings of fact and conclusions of law. We conclude that a two-year suspension of Attorney Koenig's license to practice law is an appropriate sanction for his misconduct. We further agree that Attorney Koenig should make restitution to his former law firm in the amount of $12,020. Finally, we agree that, under the specific facts of this case, it is appropriate not to assess any costs against Attorney Koenig.

¶3 Attorney Koenig was admitted to practice law in Wisconsin in 1997 and practices in Milton. He was previously employed with the law firm of Kohls and Associates LLC. The firm practices primarily in estate planning and frequently bills on a flat fee basis. Clients are billed after the work is completed.

¶4 Attorney Koenig's employment with the firm ended on August 31, 2013, after the firm discovered that Attorney Koenig had been embezzling funds from it.

¶5 Attorney Koenig quoted and collected fees from clients that were larger than what he reported and turned in to the firm. He would have clients pay him directly for some or all of the work he performed. He either did not report the money to the firm or would tell the firm that he charged the client a lesser amount. In some cases, Attorney Koenig manually created

an invoice for the client that was for a larger amount than that stated by the firm in its accounting system. He would keep the difference between the two invoice amounts.

¶6 Attorney Koenig accepted payments from the firm's clients without the firm's knowledge and then cashed those checks at Summit Credit Union where he maintained an account. He also received money for legal work that he performed for acquaintances who paid him directly. Attorney Koenig normally performed such work during regular law firm office hours and he used the firm's equipment, supplies, and staff. Although a Kohls firm attorney would have been permitted to perform work for family or perhaps close friends at no charge, it was understood by the firm's employees that any legal work performed by an employee should be reported to the firm. It was also understood by the firm's employees that all billings for legal work should be reported to the firm.

¶7 Attorney Koenig received other funds for honorariums and reimbursements for presenting continuing legal education programs or public workshops that he also did not turn over to the firm.

¶8 After the firm learned of Attorney Koenig's actions, Attorney Koenig requested Summit Credit Union to provide all checks that were presented but not deposited into his account at the credit union. He received that information and provided it to the firm and to the OLR.

¶9 Attorney Koenig admitted accepting a total of $39,920 in payments for legal work from firm clients or other parties

3

using firm resources in 37 separate instances without notifying the firm of such payments. As an offset towards the money he improperly took, Attorney Koenig forfeited his final paycheck from the firm in the gross amount of $27,900.

¶10 On July 7, 2014, the OLR filed a complaint against Attorney Koenig alleging the following count of misconduct:

> [Count One] By receiving at least $39,920 in legal fees for legal work he performed for clients of his law firm employer or for legal work he performed for other third parties using the firm's time, equipment, supplies, and staff without reporting such fees to the firm, and by falsifying billing statements that he provided to the firm in order to cover up his embezzlement, Koenig violated [Supreme Court Rule (SCR)] 20:8.4(c) and SCR 20:8.4(f).[1]

¶11 The complaint sought a two-year suspension of Attorney Koenig's license to practice law in Wisconsin. Attorney Koenig filed an answer on July 29, 2014, admitting all allegations in the complaint as true. Referee Boll was appointed on September 4, 2014.

¶12 On September 30, 2014, the parties entered into a stipulation whereby Attorney Koenig agreed to the OLR's recommendation for a two-year suspension of his license. The stipulation averred that Attorney Koenig fully understood the misconduct allegations and his right to contest the matter; he fully understood the ramifications of his entry into the

---

[1] SCR 20:8.4(c) and (f) provide, respectively, that it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation" or to "violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers."

4

stipulation; he fully understood his right to consult with counsel; and his entry into the stipulation was made knowingly and voluntarily and was not the result of coercion nor plea-bargaining.

¶13 On October 30, 2014, the referee issued his final decision. Based on the stipulation, the referee found by clear, satisfactory, and convincing evidence that Attorney Koenig violated the supreme court rules as alleged in Count One of the OLR's complaint. The referee also recommended that Attorney Koenig's license to practice law in Wisconsin be suspended for two years and that he be required to make restitution to his former law firm in the amount of $12,020.

¶14 On November 19, 2014, the OLR filed a statement of costs showing costs in the amount of $921.63. The OLR takes the position that, because Attorney Koenig entered into a comprehensive stipulation, no costs should be assessed against him.

¶15 This court will adopt a referee's findings of fact unless they are clearly erroneous. Conclusions of law are reviewed de novo. See In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747. The court may impose whatever sanction it sees fit, regardless of the referee's recommendation. See In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶16 We adopt the referee's findings of fact and conclusions of law that Attorney Koenig violated the supreme

5

court rules as alleged in Count One of the OLR's complaint. We also agree with the referee that a two-year suspension of Attorney Koenig's license is an appropriate sanction for the misconduct at issue here. A two-year suspension is consistent with the level of discipline imposed in somewhat similar cases. See, e.g., In re Disciplinary Proceedings Against Cotter, 171 Wis. 2d 373, 491 N.W.2d 475 (1992).

¶17 We also agree with the referee that Attorney Koenig should be required to make restitution to his former law firm in the amount of $12,020. We further agree that, based on the particular circumstances present in this matter, it is appropriate not to assess any costs against Attorney Koenig.

¶18 IT IS ORDERED that the license of John F. Koenig to practice law in Wisconsin is suspended for a period of two years, effective March 19, 2015.

¶19 IT IS FURTHER ORDERED that within 60 days of the date of this order, John F. Koenig shall make restitution to the law firm of Kohls and Associates LLC in the amount of $12,020.

¶20 IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement. See SCR 22.29(4m)(c).

¶21 IT IS FURTHER ORDERED that John F. Koenig shall comply with the provisions of SCR 22.26 concerning the duties of an attorney whose license to practice law has been suspended.