# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2015AP275-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against James M. Schoenecker, Attorney at Law: |
| | Office of Lawyer Regulation, |
| |        Complainant, |
| |    v. |
| | James M. Schoenecker, |
| |        Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST SCHOENECKER

| | |
|---|---|
| OPINION FILED: | April 22, 2016 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | |
|   COUNTY: | |
|   JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
|   CONCURRED: | |
|   CONCURRED/DISSENTED: | ABRAHAMSON, J. concurs and dissents, joined by BRADLEY, A. W., J. |
|   DISSENTED: | |
|   NOT PARTICIPATING: | |

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2015AP275-D

STATE OF WISCONSIN : IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against James M. Schoenecker, Attorney at Law:**

**Office of Lawyer Regulation,**

        **Complainant,**

    **v.**

**James M. Schoenecker,**

        **Respondent.**

**FILED**

**APR 22, 2016**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1 PER CURIAM. We review the report of the referee, Attorney Hannah C. Dugan, recommending that the court suspend the Wisconsin law license of Attorney James M. Schoenecker for professional misconduct for a period of one year, effective February 10, 2015, which is the date the Office of Lawyer Regulation (OLR) filed its complaint in this matter. The

referee also recommended that the court order Attorney Schoenecker to pay one-half of the costs of this disciplinary proceeding. The referee wrote the report following the entry of a stipulation between Attorney Schoenecker and the OLR concerning Attorney Schoenecker's dishonest business activities as a member of a limited liability company that he helped to form. Neither party has appealed from the referee's report and recommendation, and thus our review proceeds under Supreme Court Rule (SCR) 22.17(2).[1]

¶2 We conclude that the referee's findings of fact are supported by satisfactory and convincing evidence. We also agree with the referee's conclusions of law that Attorney Schoenecker engaged in professional misconduct, and that the seriousness of this misconduct warrants a one-year suspension of Attorney Schoenecker's law license. We part ways with the referee in holding that, given the timing and seriousness of Attorney Schoenecker's misconduct, the suspension of his law license should not be retroactive, but rather should be made effective as of the date of this order. Finally, we agree with

---

[1] SCR 22.17(2) provides:

> If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

2

the referee that Attorney Schoenecker should pay one-half of the OLR's $8,500.59 in costs, for a total of $4,250.30.

¶3 Attorney Schoenecker was licensed to practice law in Wisconsin in 2004. On July 15, 2011, we suspended Attorney Schoenecker's law license for misconduct that included attempting to defraud his client through law firm invoices; engaging in a pattern of attempted and completed thefts from his client's bank accounts, for which he pled guilty to one felony count of identity theft; and failing to inform his law firm employer that he had set up his own separate law firm on the side. In re Disciplinary Proceedings Against Schoenecker, 2011 WI 76, 336 Wis. 2d 253, 804 N.W.2d 686. The three-year suspension, which went into effect on August 15, 2011, would have ended on August 15, 2014. Attorney Schoenecker's license remains suspended.

¶4 On February 10, 2015, the OLR filed a two-count complaint in this case, which alleged that Attorney Schoenecker engaged in the unauthorized practice of law, contrary to SCR 10.03(4)(a)[2] and SCR 22.26(2),[3] as enforced via SCR 20:8.4(f),[4]

---

[2] SCR 10.03(4)(a) provides: "No individual other than an enrolled active member of the state bar may practice law in this state or in any manner purported to be authorized or qualified to practice law."

[3] SCR 22.26(2) provides: "An attorney whose license to practice law is suspended or revoked or who is suspended from the practice of law may not engage in this state in the practice of law or in any law work activity customarily done by law students, law clerks, or other paralegal personnel, except that the attorney may engage in law related work in this state for a commercial employer itself not engaged in the practice of law."

3

and engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of SCR 2:8.4(c).[5] Attorney Schoenecker answered and denied all misconduct. In August 2015, the OLR amended its complaint by dropping the unauthorized practice of law charge, while maintaining the charge of engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation. See SCR 20:8.4(c).

¶5 The OLR's amended complaint alleged, and the parties ultimately stipulated, that the misconduct in this case concerns Attorney Schoenecker's involvement in a business partnership that he entered into in 2012 with two other individuals, M.M. and T.H. Attorney Schoenecker, on behalf of himself and his partners, established a limited liability company named GameMaster, LLC. Attorney Schoenecker drafted and filed the organizing documents, including the Articles of Organization and the Limited Liability Company Operating Agreement.

¶6 In May 2012, T.H. gave Attorney Schoenecker $25,000 in cash as his capital contribution. In August 2012, M.M. made a $20,000 capital contribution.

---

[4] SCR 20:8.4(f) provides: "It is professional misconduct for a lawyer to: . . . . (f) violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers."

[5] SCR 20:8.4(c) provides: "It is professional misconduct for a lawyer to: . . . . (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

¶7 Attorney Schoenecker set up a business checking account in the name of GameMaster, LLC. The bank issued Attorney Schoenecker a bank card allowing him to charge to the account as well as withdraw funds. Attorney Schoenecker also had the bank issue him an American Express corporate card to use for business expenses.

¶8 Attorney Schoenecker did not immediately deposit T.H.'s $25,000 cash contribution into any GameMaster, LLC account. Instead, Attorney Schoenecker deposited the bulk of T.H.'s cash into his own personal checking account.

¶9 The OLR conducted an investigation of the GameMaster, LLC business account statements for the period of May 30, 2012 through October 2013. The investigation revealed that:

(a) Attorney Schoenecker repeatedly charged personal expenses to the company.

(b) Attorney Schoenecker repeatedly used company funds to pay his own credit card bills.

(c) Attorney Schoenecker repeatedly wrote company checks to pay his own personal expenses.

(d) Attorney Schoenecker used the company debit card to make ATM withdrawals at Potawatomi Casino.

(e) Attorney Schoenecker repeatedly charged personal expenses to the company American Express card.

(f) Attorney Schoenecker undertook use of company funds without preapproval from either of his business partners.

(g) Attorney Schoenecker charged significant personal expenses to the GameMaster, LLC business account. Included in

those expenses were charges to Potawatomi Casino, Apple iTunes, a cellular telephone company, and a variety of fast food, gasoline, and other businesses, all without preapproval from his partners.

¶10 On September 2, 2015, the OLR and Attorney Schoenecker filed a stipulation whereby Attorney Schoenecker withdrew his answer to the original complaint and pled no contest to the single SCR 20:8.4(c) violation alleged in the OLR's amended complaint. In so doing, Attorney Schoenecker agreed not to dispute the OLR's charge that, as Chief Executive Manager of GameMaster, LLC, he failed to account clearly or timely for capital contributions made by other members, withdrew excessive funds from GameMaster, LLC, and charged personal expenses to GameMaster, LLC, all without preapproval from his business partners, in violation of SCR 20:8.4(c). Attorney Schoenecker and the OLR jointly recommended that the court order a one-year license suspension imposed retroactively to the date he became eligible for reinstatement from his earlier disciplinary suspension, August 15, 2014, so that his earliest reinstatement date would be in August 2015. The stipulation did not explain the basis for the retroactive nature of the suspension.

¶11 The referee filed her report and recommendation on December 3, 2015. The referee found that Attorney Schoenecker had engaged in the one count of misconduct alleged in the OLR's amended complaint. The referee agreed with the parties that a one-year license suspension was of appropriate length, citing In re Disciplinary Proceedings Against Cotter, 213 Wis. 2d 196, 570

6

N.W.2d 248 (1997) as support. While both the OLR and Attorney Schoenecker recommended a one-year suspension retroactive to August 15, 2014, the referee recommended that the one-year suspension should be retroactive to the filing date of the OLR's original complaint, February 10, 2015, so that Attorney Schoenecker's earliest reinstatement date would be in February 2016. The referee wrote that this court's most common justification for ordering a suspension to run retroactively——that the misconduct occurred before or during the previous disciplinary proceeding——is not present here, as Attorney Schoenecker committed the misconduct here well after he was suspended in 2011. However, the referee still proposed a retroactively imposed suspension on the ground that the OLR did not act with sufficient promptness in pursuing and resolving this matter, which in turn delayed Attorney Schoenecker from filing for reinstatement from his previous suspension.

¶12 As stated earlier, no appeal has been filed, so this matter is submitted to the court pursuant to SCR 22.17(2). A referee's findings of fact are affirmed unless clearly erroneous. Conclusions of law are reviewed de novo. See In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747. The court may impose whatever sanction it sees fit regardless of the referee's recommendation. See In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶13 There is no showing that any of the referee's findings of fact are erroneous. Accordingly, we adopt them. We also

7

agree with the referee's conclusion of law that Attorney Schoenecker violated SCR 8.4(c). Attorney Schoenecker's repeated misuse of GameMaster, LLC business funds clearly involved deceit and misrepresentation in violation of that rule.

¶14 We further agree with the referee that the level of discipline to which the parties stipulated, a one-year law license suspension, is appropriate. We, like the referee, find support for this length of suspension in the case of Cotter. In 1992, we suspended Attorney Cotter for two years for, among other things, retaining client fees to which he was not entitled, neglecting a client's legal matter and the client's requests for information, and failing to file income tax returns for several years. In re Disciplinary Proceedings Against Cotter, 171 Wis. 2d 373, 491 N.W.2d 475 (1992). As of 1997, Attorney Cotter's law license had not been reinstated. In a 1997 disciplinary decision, this court found that Attorney Cotter had pled guilty to a criminal violation of the Motor Vehicle Code——using a false name on an application for a license. Because this was a criminal act that reflected adversely on Attorney Cotter's honesty, trustworthiness, or fitness as a lawyer, this court suspended him for one year, effective the date of the order. See SCR 20:8.4(b);[6] In re Disciplinary Proceedings Against Cotter, 213 Wis. 2d 196, 570 N.W.2d 248 (1997).

---

[6] SCR 20:8.4(b) provides: It is professional misconduct for a lawyer to . . . . (b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

8

¶15 The present case bears enough similarities to Cotter that we find its principles should apply here.  Both Attorney Cotter and Attorney Schoenecker had previously received lengthy suspensions related, at least in part, to dishonest behavior.  After receiving these suspensions, and before being reinstated from these suspensions, both Attorney Cotter and Attorney Schoenecker engaged in additional dishonest behavior unrelated to the practice of law.  Attorney Cotter used a false name on an application for a driver's license; Attorney Schoenecker misused the funds of a limited liability company that he helped to form.  By their actions, both lawyers displayed behaviors that reflected poorly on their honesty and integrity.  A one-year suspension for such behavior was within the range of reasonableness for Attorney Cotter, and the same holds true for Attorney Schoenecker.

¶16 Notably, however, we imposed the one-year suspension prospectively in Cotter, 213 Wis. 2d at 199, and we deem it appropriate to do the same here.  It is troubling to this court that, under the slightly varying terms of the parties' stipulation and the referee's recommendation, Attorney Schoenecker's earliest reinstatement date (August 2015 and February 2016, respectively) would precede the release date of this decision.  We are convinced that Attorney Schoenecker's present misconduct, when viewed together with his previous misconduct, warrants a sanction that does more than permit him to petition to return to the practice of law the instant we decide this case.

9

¶17 More to the point, we have previously held that a retroactive suspension is generally not favored in the absence of some "compelling circumstance," and we find no such compelling circumstance here. See In re Disciplinary Proceedings Against Boyd, 2009 WI 59, ¶34, 318 Wis. 2d 281, 767 N.W.2d 226. Importantly, this is not a case where the present misconduct occurred before or at the same time as the respondent attorney's misconduct in a previous case, such that it might be equitable for the new license suspension to be made retroactive to the end of the prior suspension. See In re Disciplinary Proceedings Against Cooper, 2013 WI 55, ¶25, 348 Wis. 2d 266, 833 N.W.2d 88; In re Disciplinary Proceedings Against and Reinstatement of Mandelman, 182 Wis. 2d 583, 592, 514 N.W.2d 11 (1994).

¶18 Rather, Attorney Schoenecker dishonestly handled business funds well after his 2011 suspension for what we described as "a disturbing series of illegal and dishonest actions, which were designed to benefit him financially to the injury of his client, his law firm employer, and his creditors." Schoenecker, 336 Wis. 2d 253, ¶27. In our previous decision, we warned Attorney Schoenecker that, in order to practice law again in this state, he needed to demonstrate that "he has a proper understanding of and attitude toward the standards that are imposed upon members of the bar in this state and that he will act in conformity with those standards." Id. Attorney Schoenecker's response to that warning was to engage in what the referee here described as "serious and repeated violations" of

10

SCR 20:8.4(c) which "mirrored, in part, . . . the misconduct that resulted in Attorney Schoenecker's three year suspension."

¶19  In his filings with the referee, Attorney Schoenecker argued that a one-year suspension "is only made reasonable as 'time served'" because he has postponed petitioning for reinstatement while the OLR investigated and litigated this matter.  We are not convinced by this argument.  We do not doubt Attorney Schoenecker's assertion that the pendency of the instant action led him to believe it would have been futile for him to petition for reinstatement after his earlier suspension ended.  We also do not doubt Attorney Schoenecker's assertion that the instant action took longer to resolve than he would have preferred.  But Attorney Schoenecker cannot properly demand credit for the time it took his case to work its way through the disciplinary process when:  (1) there is no evidence that the

OLR failed to diligently prosecute this matter;[7] and (2) Attorney Schoenecker's behavior post-dates and runs counter to the clear warning we gave him in 2011 that he must live up to the ethical standards of the profession. Thus, we conclude that Attorney Schoenecker's one-year suspension should be prospective, commencing from the date of this decision.

¶20 We next turn to the issue of costs. The referee recommends that this court impose half of the OLR's $8,500.59 in costs, primarily because the OLR dropped one of the two counts stated in its original complaint and reduced the recommended sanction from revocation to a one-year suspension. Both the OLR and Attorney Schoenecker agree with this recommendation.

¶21 We agree with the referee and the parties that an assessment of one-half of the costs in this matter is appropriate. In exercising our discretion regarding the

---

[7] The referee wrote in her report that the less-than-seven-month span between the OLR's filing of the original complaint (February 10, 2015) and the parties' entry into a stipulation (September 2, 2015) was a "significant period[] of time for [Attorney Schoenecker] to wait for OLR to 'make its case' or to resolve a grievance." To the extent this statement can be construed as a criticism of the pace of the prosecution, we do not share the referee's view. The parties' filings with the referee inform us that the OLR's retained counsel reviewed GameMaster, LLC's financial records, interviewed witnesses, consulted with an expert, and deposed Attorney Schoenecker. Attorney Schoenecker's counsel took the depositions of Attorney Schoenecker's two business partners. Based on the parties' evolving understanding of the facts, the OLR amended its complaint and the parties negotiated the stipulation that formed the basis for the referee report now before us. A less-than-seven-month period for accomplishing these tasks does not strike us as dilatory.

assessment of costs, we consider the following factors: (a) the number of counts charged, contested, and proven; (b) the nature of the misconduct; (c) the level of discipline sought by the parties and recommended by the referee; (d) the respondent's cooperation with the disciplinary process; (e) prior discipline, if any; and (f) other relevant circumstances. See SCR 22.24(1m).[8]

¶22 Applying these factors, we observe that SCRs 22.24(1m)(a), (b), (c), and (d) weigh in favor of a reduction in

---

[8] SCR 22.24(1m) provides as follows:

(1m) The court's general policy is that upon a finding of misconduct it is appropriate to impose all costs, including the expenses of counsel for the office of lawyer regulation, upon the respondent. In some cases the court may, in the exercise of its discretion, reduce the amount of costs imposed upon a respondent. In exercising its discretion regarding the assessment of costs, the court will consider the statement of costs, any objection and reply, the recommendation of the referee, and all of the following factors:

(a) the number of counts charged, contested, and proven.

(b) The nature of the misconduct.

(c) The level of discipline sought by the parties and recommended by the referee.

(d) The respondent's cooperation with the disciplinary process.

(e) Prior discipline, if any.

(f) Other relevant circumstances.

costs. The original complaint alleged two counts of misconduct and sought revocation of Attorney Schoenecker's license to practice law. Consistent with the parties' stipulation, the referee concluded, and we agree, that Attorney Schoenecker committed one count of misconduct, warranting a one-year suspension. These facts suggest that Attorney Schoenecker's misconduct, while serious, was of a lesser nature than originally alleged. We note, too, that the OLR reports that Attorney Schoenecker was cooperative with the disciplinary process. SCR 22.24(1m)(d).

¶23 A few facts weigh against a reduction in costs. One is that Attorney Schoenecker has once before received a lengthy disciplinary suspension. Another is that there is no evidence that the charges in the OLR's original complaint were wholly without prosecutorial merit or that the OLR's costs in pursuing those charges were unreasonable or unnecessary.

¶24 Ultimately, we agree with the referee and the parties that a one-half reduction in costs is warranted. Our determination is not the result of the application of a precise mathematical formula, but is based on our thorough consideration

14

of the record, the manner in which this case developed, and the factors set forth in SCR 22.24(1m).[9]

¶25 The OLR does not seek restitution, so we award none.

¶26 IT IS ORDERED that the license of James M. Schoenecker to practice law in Wisconsin is suspended for a period of one year, effective the date of this order.

¶27 IT IS FURTHER ORDERED that within 60 days of the date of this order, James M. Schoenecker shall pay to the Office of Lawyer Regulation one-half of the costs of this proceeding.

¶28 IT IS FURTHER ORDERED that to the extent he has not already done so, James M. Schoenecker shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

---

[9] We note that, on February 22, 2016, the referee filed a "Supplementary Statement of Fees," in which she requested $413.02 for her time spent preparing a "Report and Recommendation on Costs," filed on February 18, 2016. We decline this request. The referee's costs report, which recommended a one-half costs assessment, was belated and duplicative of both her December 3, 2015 report and the parties' shared position on costs.

¶29 SHIRLEY S. ABRAHAMSON, J. *(concurring in part and dissenting in part).* I join all but footnote 9 of the opinion of the court. I would grant the fees requested by the referee in her "Supplementary Statement of Fees."

¶30 I am authorized to state that Justice ANN WALSH BRADLEY joins this opinion.