# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2014AP1523-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against John F. Koenig, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>          Complainant,<br>     v.<br>John F. Koenig,<br>          Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST KOENIG
Reported at 361 Wis. 2d 16,859 N.W.2d 105
PDC No:2015 WI 16 - Published

| | |
|---|---|
| OPINION FILED: | March 21, 2019 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.  2014AP1523-D

STATE OF WISCONSIN                    :    IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against John F. Koenig, Attorney at Law:**

**Office of Lawyer Regulation,**

       **Complainant,**

    **v.**

**John F. Koenig,**

       **Respondent.**

**FILED**

**MAR 21, 2019**

Sheila T. Reiff
Clerk of Supreme Court

ATTORNEY reinstatement proceeding.    *Reinstatement granted.*

¶1    PER CURIAM.   We review the report and recommendation of Referee Kim M. Peterson in favor of reinstating the license of Attorney John F. Koenig to practice law in Wisconsin.  After careful review of the matter, we agree that Attorney Koenig's license should be reinstated.  Consistent with our general practice, we require Attorney Koenig to pay the full costs of this reinstatement proceeding, which are $3,646.23 as of December 5, 2018.

¶2  Attorney Koenig was admitted to practice law in Wisconsin in 1997.  Effective March 19, 2015, this court

suspended Attorney Koenig's license to practice law for a period of two years as discipline for his professional misconduct. In re Disciplinary Proceedings Against Koenig, 2015 WI 16, 361 Wis. 2d 16, 859 N.W.2d 105. The misconduct consisted of Attorney Koenig's embezzling funds from his law firm.

¶3 Attorney Koenig filed a petition for the reinstatement of his license on April 5, 2018. An evidentiary hearing was held on October 5, 2018. On November 20, 2018, the referee issued her report and recommendation. The referee found that Attorney Koenig had not practiced law during the period of his suspension; had complied with the terms of the order of suspension; that his conduct since the suspension has been exemplary and above reproach; that he has a proper understanding of an attitude towards the standards that are imposed upon members of the bar and will act in conformity with those standards; and that he can be safely recommended to the legal profession, the courts, and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence and in general to aid in the administration of justice as a member of the bar and as an officer of the courts. The referee also found that Attorney Koenig's proposed use of his license, if it is reinstated, is to engage in the general practice of law representing the elderly; that during the period of his suspension, he has worked as a technical sales manager at Morgan Corporation in Janesville, Wisconsin; and that he has made restitution to or settled all claims of all persons injured or harmed by his misconduct. The

referee noted that Attorney Koenig had failed to comply with the requirements of SCR 22.29(4)(d) because he had not yet completed 60 hours of approved continuing legal education (CLE) credits. On December 13, 2018, the Board of Bar Examiners reported that Attorney Koenig had completed all necessary credits and was currently in compliance with CLE requirements.

¶4 The referee concluded that Attorney Koenig had proven, by clear and convincing evidence, that he has satisfied the requirements for reinstatement. The referee noted that in support of his petition for reinstatement, Attorney Koenig had his pastor, his current employer, and his proposed new employer testify on his behalf at the evidentiary hearing. A family friend also testified. The referee noted all witnesses presented by Attorney Koenig testified that he was a good person who acted appropriately and whose conduct was without reproach. Attorney Koenig's new employer stated that he was convinced Attorney Koenig had changed his ways and that he will be able to be trusted with the firm's clients. In addition, the new employer said that some ground rules would be followed to ensure that Attorney Koenig does not have the ability to misappropriate funds while working for the firm.

¶5 The referee said Attorney Koenig expressed appropriate remorse for his past conduct, has examined his shortcomings, and has made efforts to minimize those character traits that might have led to his prior misconduct. The referee said she was confident the events of the past years have had an impact on Attorney Koenig so that he will proceed forward in the practice

of law with an appropriate respect and understanding of the ethical standards imposed upon an attorney's conduct. The referee also noted that the Office of Lawyer Regulation had no objection to Attorney Koenig's reinstatement, conditioned on his completion of the appropriate educational requirements, which he has now done. The referee recommended that Attorney Koenig be ordered to pay the full costs of this reinstatement proceeding.

¶6 After consideration of the matter, we conclude that Attorney Koenig has satisfied the requirements set forth in SCR 22.31(1) and SCR 22.29(4)(a)-(4m), and that his license to practice law in Wisconsin should be reinstated.

¶7 IT IS ORDERED that the petition for reinstatement of the license of John F. Koenig to practice law in Wisconsin is granted, effective the date of this order.

¶8 IT IS FURTHER ORDERED that, within 60 days of the date of this order, John F. Koenig shall pay to the Office of Lawyer Regulation the costs of this proceeding, which are $3,646.23 as of December 5, 2018. If the costs are not paid within the time specified and John F. Koenig has not negotiated a resolution as to the payment of costs over time with the Office of Lawyer Regulation, the Office of Lawyer Regulation is authorized to move this court for a further suspension of the license of John F. Koenig to practice law in Wisconsin.