# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2011AP48-D & 2015AP275-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against James M. Schoenecker, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>       Complainant-Respondent,<br>    v.<br>James M. Schoenecker,<br>       Respondent-Appellant. |

DISCIPLINARY PROCEEDINGS AGAINST SCHOENECKER

| | |
|---|---|
| OPINION FILED: | December 13, 2019 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.   2011AP48-D, 2015AP275-D

STATE OF WISCONSIN                    :          IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against James M. Schoenecker, Attorney at Law:**

**Office of Lawyer Regulation,**                    **FILED**

      **Complainant-Respondent,**

  **v.**                                               **DEC 13, 2019**

**James M. Schoenecker,**                          Sheila T. Reiff
                                                   Clerk of Supreme Court

      **Respondent-Appellant.**

ATTORNEY Reinstatement proceeding.   *Reinstatement granted.*

¶1   PER CURIAM.   We review the report and recommendation of Referee James J. Winiarski recommending that James M. Schoenecker's license to practice law in Wisconsin be reinstated.   After careful review of the matter, we agree that Attorney Schoenecker's license should be reinstated with certain conditions recommended by the referee.   We further agree with the referee that, consistent with our general practice, Attorney Schoenecker should be required to pay the full costs of this reinstatement proceeding, which are $14,754.78 as of October 7, 2019.

¶2 Attorney Schoenecker was admitted to practice law in Wisconsin in 2004. He is a graduate of Boston College and Columbia University Law School. He practiced briefly in New York, then practiced at Quarles and Brady in Milwaukee for a time, and finally practiced at the Clair Law Offices, a small law firm in Delevan.

¶3 In 2011, Attorney Schoenecker's license was suspended for three years. See In re Disciplinary Proceedings Against Schoenecker (Schoenecker I), 2011 WI 76, 336 Wis. 2d 253, 804 N.W.2d 686. Much of the misconduct in that case arose out of Attorney Schoenecker's personal and professional relationship with his former fiancée. In late 2007, Attorney Schoenecker and his fiancée opened a joint checking account and the fiancée obtained a home equity line of credit and loaned Attorney Schoenecker $48,500. Attorney Schoenecker executed a promissory note whereby he promised to repay the loan with interest. Two days later, the fiancée learned Attorney Schoenecker had made cash withdrawals from her checking account at a casino, resulting in a $1,500 negative balance in her account. She closed the joint checking account and ended her engagement to Attorney Schoenecker.

¶4 Attorney Schoenecker repaid part of the loan balance. At some point the former fiancée filed a collection action against him. The parties reached a settlement, and Attorney Schoenecker paid the former fiancée over $32,000 as part of a full resolution of their financial issues.

2

¶5 In December 2008, Attorney Schoenecker used the former fiancée's personal information to enter her business account without her permission and made checks payable to himself. As a result of these actions, he was charged in two separate criminal proceedings, one in Walworth County where he pled guilty to one felony count of identity theft and was placed on two years of probation and ordered to make restitution and pay court costs, and one in Waukesha County where he pled guilty to a misdemeanor charge of Theft-Moveable Property. The Waukesha County circuit court imposed and stayed a four-month jail sentence and placed Attorney Schoenecker on probation for one year. In addition, Attorney Schoenecker was required to pay restitution to the former fiancée and pay court costs.

¶6 In 2008, Attorney Schoenecker became an associate at the Clair Law Offices. He told the law firm he was representing his former fiancée, so she was considered a firm client. He sent invoices to the former fiancée in the fall of 2008 showing that she owed over $13,000. A substantial number of the entries on the invoices were fraudulent.

¶7 Attorney Schoenecker also set up his own separate law firm on the side while he was working as an associate at the Clair Law Offices. He did not inform the law firm of this fact. In addition to the incidents involving the former fiancée and the Clair Law Office, Attorney Schoenecker's 2011 suspension also arose out of his making fraudulent statements in his own personal bankruptcy proceeding.

3

¶8 In 2016, Attorney Schoenecker received an additional one-year license suspension. See In re Disciplinary Proceedings Against Schoenecker (Schoenecker II), 2016 WI 27, 368 Wis. 2d 57, 878 N.W.2d 163. The misconduct at issue in that case arose out of Attorney Schoenecker's involvement in a business partnership he entered into in 2012 with two other men. The men established a limited liability company. One man gave Attorney Schoenecker $25,000 in cash as his capital contribution, and the other man contributed $20,000. Instead of immediately depositing the $25,000 capital contribution into a business account, Attorney Schoenecker deposited the bulk of that money into his own personal checking account. He also used company funds to pay personal credit card bills without preapproval from his partners, and he withdrew funds from company accounts in order to gamble at Potawatomi Casino in Milwaukee.

¶9 Attorney Schoenecker filed his first petition for reinstatement of his law license in early 2017. In 2018, this court denied the petition, agreeing with the referee that Attorney Schoenecker had failed to meet his burden of proof to establish the requirements of reinstatement at that time. In re Disciplinary Proceedings Against Schoenecker, 2018 WI 58, 381 Wis. 2d 644, 912 N.W.2d 847. This court stated that Attorney Schoenecker could again file a petition for reinstatement six months after the date of its decision.

¶10 In November 2018, Attorney Schoenecker filed a second petition for reinstatement. A public hearing was held before

4

the referee on June 18 and 19, 2019.  Numerous witnesses testified at the hearing in favor of Attorney Schoenecker's reinstatement petition.

¶11 One of the witnesses who testified on Attorney Schoenecker's behalf was James Harrison, a clinical substance abuse counselor, licensed professional counselor, international certified gambling addiction counselor, and board-approved clinical consultant.  Mr. Harrison testified that he began seeing Attorney Schoenecker in April of 2015.  Mr. Harrison said Attorney Schoenecker has gone above and beyond what many people do in outpatient treatment and has voluntarily continued his counseling sessions for over four years, whereas Mr. Harrison normally sees clients for only two to four months in counseling sessions.  Mr. Harrison testified that Attorney Schoenecker's willingness to continue the counseling sessions was indicative of how seriously he takes his situation.  As a result of this dedication, Mr. Harrison opined that Attorney Schoenecker's risk level to return to his previous behavior and actions has diminished.

¶12 Mr. Harrison testified that Attorney Schoenecker has come to the conclusion that gambling can no longer be part of his life and he has been bet-free for over four years. Mr. Harrison said:

> It should be noted that Attorney Schoenecker has a disease.  A disease of gambling addition.  It is a disease that often results in good people making inappropriate decisions and poor choices.

Not to be used as an excuse by any means for his behavior, but certainly a contributing factor to what he did. It is also a disease that can be brought under control if treated immediately and continue to be treated. Attorney Schoenecker is definitely an example of this.

But with the continued support of his family, friends, co-workers, and counseling, and by continuing with his counseling sessions, Attorney Schoenecker can and will make a positive difference in his life as well as the lives of others.

Therefore, if he follows his treatment plan, continues to make the changes that are necessary and needed in his life, continues with his counseling sessions; develops, utilizes, and maintains a positive support system and network and acts and lives responsibly, Attorney Schoenecker can and will make sure that he will not put himself or others in this predicament again.

¶13 While Mr. Harrison agreed that there is no guarantee Attorney Schoenecker would not relapse, he stated the chances of relapse were very minimal so long as Attorney Schoenecker continues what he has been doing for the past four years. When asked if had any opinion regarding whether anything outside of the gambling addiction might explain Attorney Schoenecker's conduct, Mr. Harrison said that lying and misconceptions were part of a gambling addiction. He said, "it is a body rush. They will do anything they can to obtain that, whether it's lying, whether it's stealing, whether it's embezzling. So this is part of the addiction."

¶14 Other witnesses, including friends of Attorney Schoenecker, his sister, and father also testified that Attorney Schoenecker has been humbled by his downfall, has become

6

compassionate toward others, and has gone out of his way to help other people.

¶15 Attorney Schoenecker testified that if he were reinstated he wanted to help others and might be interested in working as a public defender given what he has learned going through his own criminal proceedings.

¶16 The parties stipulated to the admission into evidence of the transcript from the first reinstatement hearing, which was held in July 2017. The transcript from that hearing included testimony from Attorney Schoenecker's former fiancée, one of Attorney Schoenecker's business partners, and an attorney from the Clair Law Offices. All three of those individuals testified in the first reinstatement hearing that, in their opinion, Attorney Schoenecker does not have the moral character to have his law license reinstated.

¶17 The referee in this reinstatement proceeding issued his report and recommendation on September 18, 2019. Referee Winiarski echoed the opinion of the referee from the first reinstatement proceeding that "this is a most difficult reinstatement case." The referee noted that the sheer number and nature of Attorney Schoenecker's moral lapses, which led to the two disciplinary proceedings, indicated that there was more than a simple gambling addiction problem involved. However, the referee noted that Attorney Schoenecker fully admits to his misconduct, does not blame others for the misconduct, and expresses a degree of disbelief that he committed the acts of misconduct. The referee opined that, "such reflection on his

part is certainly an indication that he has gone through considerable self-examination of his misconduct." The referee noted that according to many of Attorney Schoenecker's witnesses, he has expressed genuine remorse for his actions; he has made restitution to his victims; and there was also testimony regarding the spiritual reflections and actions he has taken since the time of his misconduct.

¶18 The referee concluded that Attorney Schoenecker, "as a result of his misconduct, experienced tumultuous changes in his life and he is not likely to ever repeat such misconduct, given the consequences."

¶19 The referee noted that this court has indicated that the primary focus of a reinstatement hearing should be on the petitioner's conduct between the start of the suspension and the reinstatement. See In re Disciplinary Proceedings Against Carroll, 2004 WI 19, ¶16, 269 Wis. 2d 172, 675 N.W.2d 792. Accordingly, the referee recommends that Attorney Schoenecker's license to practice law in Wisconsin be reinstated. The referee further recommends that as a condition of reinstatement, Attorney Schoenecker be required to continue monthly counseling sessions with either his current counselor or a counselor with similar credentials. The referee recommends the counseling should address not only Attorney Schoenecker's gambling addiction, but also any other possible causes for his previous misconduct. The referee recommends that the counselor be required to file semi-annual progress reports with the Office of Lawyer Regulation (OLR) and that such counseling be required to

continue for a period of at least three years after reinstatement. Finally, the referee recommends that Attorney Schoenecker be responsible for all costs of the reinstatement proceeding.

¶20 No appeal has been filed from the referee's report and recommendation. Supreme Court Rule (SCR) 22.31(1) provides the standard to be met for reinstatement. The petitioner must show by clear, satisfactory, and convincing evidence that he or she has the moral character to practice law; that his or her resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest; and that he or she has complied with SCR 22.26 and the terms of the suspension. In addition to these requirements, SCR 22.29(4) states related requirements that the petition for reinstatement "shall show." All of these additional requirements are effectively incorporated into SCR 22.31(1).

¶21 This court will adopt a referee's findings of fact unless they are clearly erroneous. Conclusions of law are reviewed de novo. See In re Disciplinary Proceedings Against Jennings, 2009 WI 26, ¶22, 316 Wis. 2d 6, 762 N.W.2d 648.

¶22 After careful review of this matter, we adopt the referee's findings of fact and conclusions of law and agree with the referee that Attorney Schoenecker has demonstrated he has met the burden of proof imposed upon him by our Supreme Court Rules. We agree with the referee that, in order to ensure, to the extent possible, that Attorney Schoenecker will not relapse, he should be required to continue monthly counseling either with

9

Mr. Harrison or a counselor with similar credentials for a period of three years, with the counselor being required to file semi-annual progress reports with the OLR.  We also agree with the referee that Attorney Schoenecker should be responsible for the full costs of this reinstatement proceeding.

¶23  IT IS ORDERED that the petition for reinstatement of the license of James M. Schoenecker to practice law in Wisconsin is granted, effective the date of this order.

¶24  IT IS FURTHER ORDERED that, for a period of three years from the date of this order, James M. Schoenecker shall be required to continue monthly counseling, either with his current counselor or a counselor with similar credentials.  The counseling should address not only James M. Schoenecker's gambling addiction, but also other possible causes for his previous misconduct.  The counselor shall file semi-annual progress reports with the Office of Lawyer Regulation.

¶25  IT IS FURTHER ORDERED that, within 60 days of the date of this order, James M. Schoenecker shall pay to the Office of Lawyer Regulation the costs of this proceeding, which are $14,754.78 as of October 7, 2019.

10