# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2014AP175-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Michael Strizic, Attorney at Law: |
| | Office of Lawyer Regulation, |
| | Complainant, |
| | v. |
| | Michael Strizic, |
| | Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST STRIZIC

| | |
|---|---|
| OPINION FILED: | June 19, 2015 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2014AP175-D

STATE OF WISCONSIN          :          IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Michael Strizic, Attorney at Law:**

**Office of Lawyer Regulation,**

**FILED**

      Complainant,

**JUN 19, 2015**

  v.

**Diane M. Fremgen**
**Clerk of Supreme Court**

**Michael Strizic,**

      Respondent.

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1 PER CURIAM. This is a reciprocal discipline case that comes before the court in a rather unusual posture.

¶2 Attorney Michael Strizic was admitted to practice law in Wisconsin in 1975. His license is suspended for failure to pay State Bar dues and failure to comply with continuing legal education requirements. Attorney Strizic was also admitted to practice law in Illinois in 1981. He is not licensed to practice law in any other state.

¶3 When an attorney licensed in Wisconsin has been publicly disciplined by another jurisdiction, Supreme Court Rule (SCR) 22.22 provides, in pertinent part:

(3) The supreme court shall impose the identical discipline or license suspension unless one or more of the following is present:

(a) The procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process.

(b) There was such an infirmity of proof establishing the misconduct or medical incapacity that the supreme court could not accept as final the conclusion in respect to the misconduct or medical incapacity.

(c) The misconduct justifies substantially different discipline in this state.

¶4 In May 2013, Attorney Strizic was disciplined in a jurisdiction——Arizona——where he is not licensed to practice law. After finding that Attorney Strizic had failed to answer or otherwise defend against a State Bar of Arizona disciplinary complaint, the Arizona Supreme Court found that: (1) Attorney Strizic exerted undue influence over a client to obtain an unwarranted benefit for himself by preparing trust documents for the client and including himself as a beneficiary; (2) Attorney Strizic intentionally failed to comply with the Arizona disciplinary investigation; and (3) Attorney Strizic held himself out to the public as a licensed lawyer even though he did not have an Arizona law license.

¶5 Based on these findings, the Arizona Supreme Court concluded that Attorney Strizic had engaged in the unauthorized

2

practice of law, operated under a conflict of interest, and failed to furnish information or respond promptly to an inquiry or request from the State Bar of Arizona. The Arizona Supreme Court stated that if Attorney Strizic had been an Arizona-licensed attorney, disbarment would have been the appropriate remedy. However, because Attorney Strizic was not licensed in Arizona, a reprimand was the only available remedy, which the court therefore imposed. See Matter of Olsen, 881 P.2d 337, 339 (Ariz. 1994) (disbarment warranted, but because respondent-lawyer was not a member of the Arizona State Bar, the only sanction that could be imposed was a censure (now a reprimand)).

¶6  In July 2013, Attorney Strizic moved to set aside the Arizona court's report and order imposing sanctions, asserting that he had not received notice of the Arizona disciplinary proceedings and had not become aware of any disciplinary action having been taken against him until late May 2013, when the publication of the final judgment and order appeared on the internet and was discovered by Attorney Strizic's son. The motion further alleged that the Arizona disciplinary authorities had been grossly misinformed about Attorney Strizic's relationship with the decedent. In late July 2013, the Arizona court denied the motion.

¶7  In January 2014, the Office of Lawyer Regulation (OLR) filed a complaint against Attorney Strizic, seeking to impose the discipline that the Arizona Supreme Court wanted to impose (revocation), not the reprimand that the Arizona court had been

3

constrained to impose due to the fact that Attorney Strizic was not licensed to practice law in Arizona.

¶8 In response to the OLR complaint, Attorney Strizic effectively invoked two of the exceptions to reciprocal discipline under SCR 22.22(3). He claimed: (1) that the Arizona disciplinary proceedings were so lacking in notice as to constitute a deprivation of due process; and (2) that the Arizona disciplinary proceedings suffered from an infirmity of proof establishing the alleged misconduct.

¶9 Because the resolution of these claims necessitated findings of fact and conclusions of law, this court referred the matter to a referee for a hearing. See SCR 22.22(5). Catherine M. Rottier was appointed to serve as referee.

¶10 Shortly before the scheduled evidentiary hearing, the OLR filed with this court a stipulation and no-contest plea. Therein, Attorney Strizic stipulated to most, but not all, of the facts alleged in the OLR complaint and its attachments. Attorney Strizic also entered a plea of no contest to the two counts of misconduct contained in the OLR complaint. Count One alleged that Attorney Strizic was subject to reciprocal discipline under SCR 22.22 "[b]y virtue of having received public discipline imposed in Arizona for his violation of the Arizona Rules of Professional Conduct." Count Two alleged that Attorney Strizic violated SCR 22.22(1) by failing to notify the OLR of his public discipline in Arizona within 20 days of its effective date. The parties stipulated neither to the discipline that the Arizona Supreme Court wanted to impose

4

(revocation) nor to the discipline that court did impose (a reprimand). Instead, the parties stipulated to a 60-day suspension.

¶11 To justify this deviation from the discipline imposed by the Arizona court, the parties explained in their stipulation that the OLR had obtained "newly discovered evidence . . . during the pendency of the disciplinary action" that "specifically contradict[ed]" the Arizona Supreme Court's finding that Attorney Strizic had exerted undue influence over his client. The stipulation did not, however, describe this "newly discovered evidence" in any fashion. Upon request from the referee, the OLR explained in an e-mail to the referee that this "newly discovered evidence" derived from the OLR's review of the Arizona probate file and its discussion with certain witnesses.

¶12 The referee cancelled the scheduled evidentiary hearing and, in late December 2014, filed a report that recommended the discipline to which the parties had stipulated: a 60-day license suspension. In her report, the referee expressed concern about whether Attorney Strizic had received notice of the Arizona disciplinary proceeding, saying:

> While the evidence is clear that Strizic did not receive actual notice of the disciplinary complaint in Arizona, it is much less clear that the Arizona procedure for mailing notice to the last known address of a lawyer not licensed to practice in Arizona constitutes "a deprivation of due process." Strizic had his opportunity to present his case on the notice issue to the Arizona disciplinary authorities and they flatly rejected his arguments.

5

Nonetheless, the absence of actual notice to an attorney threatened with the loss of his ability to practice law is very troubling. No one should suffer such a serious deprivation without being afforded a real opportunity to provide a defense.

¶13 The referee went on to question whether the absence of actual notice of the Arizona proceeding deprived Attorney Strizic of a real opportunity to defend himself against the charge that he had exerted undue influence over his client, and the referee posited that, had Attorney Strizic received actual notice of the Arizona disciplinary proceedings and defended against them, he still would likely have emerged with a public reprimand for his admitted ethical lapses, since Arizona's options on sanctions were limited due to the fact that he had no license to practice law in Arizona. The referee said, however, that Attorney Strizic likely would not have emerged with an order saying he would have been disbarred in Arizona if he had been licensed to practice there.

¶14 The referee explained:

[I]t was not so much an infirmity of proof in the Arizona proceedings as it was an absence of a defense by Strizic, caused by his failure to receive actual notice of the Arizona complaint.

The most serious allegation against Strizic in the Arizona disciplinary proceedings is that he exerted undue influence over a client to obtain financial advantage for himself. This is the very allegation against which Strizic could have offered the most compelling defense. Had he done so, the sanction order in Arizona might have read much differently.

. . . .

6

[T]he record here does not demonstrate much opportunity for Strizic to present his defenses in Arizona. . . . Thus, the protections afforded by SCR 22.22(3)(a) and (c) are triggered here.

¶15 The referee agreed with the parties that a 60-day license suspension was appropriate. The referee further recommended that Attorney Strizic be required to pay only one-half of the costs of these proceedings.[1]

¶16 With this unique factual and procedural background, we are now called upon to review the referee's report and the stipulation which it approved.

¶17 Under SCR 22.22(3), in reciprocal discipline matters, this court shall impose the identical discipline unless one of the enumerated exceptions is shown. Our review of the record, including the parties' stipulation and the referee's report, leads us to conclude that the misconduct at issue in this case justifies substantially different discipline than that imposed by the Arizona Supreme Court. See SCR 22.22(3)(c).

¶18 Attorney Strizic admits to conduct in Arizona that, we conclude, constitutes violations of SCR 20:1.8(c) (soliciting a substantial gift from a client) and SCR 20:5.5(a)(1) (practicing law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction). Attorney Strizic also pled no contest in the stipulation to failing to notify the OLR of his Arizona discipline within 20 days of the effective

---

[1] The full costs of the proceeding are $1,546.02 as of January 26, 2015.

7

date of that discipline, in violation of SCR 22.22(1). We conclude that if the OLR had commenced a freestanding disciplinary action rather than proceeding under the reciprocal discipline rule,[2] the admitted misconduct would warrant a 60-day suspension of Attorney Strizic's Wisconsin law license.

¶19 As to costs, we agree with the referee that due to the unusual nature of this case, Attorney Strizic should be responsible for one-half of the OLR's $1,546.02 in costs, for a total of $773.01.

¶20 IT IS ORDERED that the license of Michael Strizic to practice law in Wisconsin is suspended for a period of 60 days, effective the date of this order.

¶21 IT IS FURTHER ORDERED that within 60 days of the date of this order, Michael Strizic shall pay to the Office of Lawyer Regulation one-half of the costs of this proceeding, $773.01.

---

[2] The OLR is not required to automatically invoke the reciprocal disciplinary system whenever an attorney is publicly disciplined in another jurisdiction. The statement in SCR 22.22(2) that the OLR director "may" file a complaint demonstrates that the director has discretion to file a reciprocal discipline complaint, to file a de novo disciplinary action, or to take no action at all. In this case, a de novo disciplinary proceeding may have allowed the development of a substantially different record than what was developed in Arizona and may well have avoided various procedural anomalies. Under the unique circumstances of this case, however, we choose to embrace a practical solution and take the case as we find it rather than ordering additional proceedings that would result in further delay and increased costs. Accordingly, we approve the 60-day suspension under SCR 22.22(3)(c).

8

¶22 IT IS FURTHER ORDERED that Michael Strizic shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶23 IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement. See SCR 22.28(2).