# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2016AP48-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against John Hotvedt, Attorney at Law: <br><br> Office of Lawyer Regulation, <br>   Complainant-Respondent, <br>  v. <br>John Hotvedt, <br>   Respondent-Appellant. |

## DISCIPLINARY PROCEEDINGS AGAINST HOTVEDT

| | |
|---|---|
| OPINION FILED: | November 18, 2016 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.  2016AP48-D

STATE OF WISCONSIN        :     IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against John Hotvedt, Attorney at Law:**

**Office of Lawyer Regulation,**

      **Complainant,**

  **v.**

**John Hotvedt,**

      **Respondent.**

**FILED**

**NOV 18, 2016**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1  PER CURIAM.  We review a report and recommendation of Referee Richard C. Ninneman approving a stipulation filed by the Office of Lawyer Regulation (OLR) and Attorney John E. Hotvedt. In the stipulation, Attorney Hotvedt stipulated to the facts underlying the five counts of misconduct alleged in the OLR's amended complaint and joined the OLR in jointly recommending an 18-month suspension of Attorney Hotvedt's Wisconsin law license. The referee agreed that an 18-month suspension was appropriate.

¶2 Upon careful review of this matter, we uphold the referee's findings of fact and conclusions of law and agree that an 18-month suspension is an appropriate sanction for Attorney Hotvedt's misconduct. We also find it appropriate to impose the full costs of this proceeding, which are $6,309.67 as of September 19, 2016, on Attorney Hotvedt. Since Attorney Hotvedt has already made restitution to his law firm, the OLR does not seek a restitution order.

¶3 Attorney Hotvedt was admitted to practice law in Wisconsin in 2001 and practices in Kenosha. He has no prior disciplinary history.

¶4 On January 7, 2016, the OLR filed a complaint against Attorney Hotvedt alleging five counts of misconduct. Attorney Hotvedt filed an answer on February 12, 2016. The referee was appointed on April 5, 2016. The OLR filed an amended complaint on July 11, 2016. The parties' stipulation and Attorney Hotvedt's no contest plea was filed on August 8, 2016.

¶5 As part of the stipulation, Attorney Hotvedt agreed that the referee could use the factual allegations of the amended complaint as an adequate basis in the record for a determination of misconduct as to the five counts alleged in the amended complaint.

¶6 According to the amended complaint, Attorney Hotvedt was formerly employed at the Burlington, Wisconsin law firm of Lloyd, Phenicie, Lynch, Kelly, Hotvedt & Terry, S.C. He was a stockholder, director, and officer of the firm and had practiced with the firm since he graduated from law school. By common and

2

accepted practice, and pursuant to written employment agreements, all attorneys at the firm understood and agreed that revenues generated by the practice of law belonged to the firm.

¶7 In January 2014, Attorney Hotvedt and Attorney Todd Terry told firm shareholders that they would be withdrawing from the firm and establishing their own law practice in Kenosha. The shareholders of the firm agreed to dissolve the corporation effective May 31, 2014. All firm members signed a dissolution agreement winding up the corporation.

¶8 Subsequent to the dissolution of the firm, and in connection with the winding up of the firm, Attorney Dennis Lynch, the former President of the firm, noticed billing discrepancies attributable to Attorney Hotvedt, including writing off substantial amounts of firm billings in the years 2011 through 2013. In many instances, Attorney Hotvedt had written off client billings, but clients reported to the firm that they had paid legal fees directly to Attorney Hotvedt.

¶9 Review of firm accounts showed that Attorney Hotvedt had deposited client fee payments directly into his own personal bank account rather than depositing the fees into the law firm account. Attorney Hotvedt did not disclose to the firm's shareholders that he was depositing firm funds paid by clients into his personal bank account. Attorney Hotvedt continued his conduct of depositing client funds belonging to the firm into his personal bank account during 2014, after he had announced his departure from the firm and after he had executed a dissolution agreement.

¶10 As part of its investigation into the grievance filed against Attorney Hotvedt, the OLR discovered that in 2014 Attorney Hotvedt established his own consulting company, JBG Consulting Services, during the time period in which he was preparing to leave the firm. Through this consulting company, Attorney Hotvedt converted additional attorney's fees belonging to the firm. The OLR's investigation revealed that the total amount of identifiable client funds converted by Attorney Hotvedt from his former law firm was over $173,000.

¶11 The OLR's amended complaint alleged the following counts of misconduct:

- **Count One:** By converting client funds belonging to the firm in an amount in excess of $173,000 over the years 2011 through 2014, Attorney Hotvedt violated SCR 20:8.4(c).[1]

- **Count Two:** By writing off client fees owed to the firm, Attorney Hotvedt violated SCR 20:8.4(c).

- **Count Three:** By establishing JBG Consulting Services to convert client fees while employed by the firm for the purpose of advancing his own financial interests, Attorney Hotvedt violated SCR 20:8.4(c).

- **Count Four:** By misrepresenting to the firm that he would not bill or otherwise recover client fees from firm clients; by converting client funds owed to his law firm, by writing off client billings; by establishing JBG Consulting Services for the purpose of converting client fees owed to

---

[1] SCR 20:8.4(c) provides: "It is professional misconduct for a lawyer to: . . . engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

4

the firm, Attorney Hotvedt breached his fiduciary duties owed to his firm and his duty of honesty in his professional dealings with the firm, thereby violating a standard of conduct set forth by the Supreme Court in In re Disciplinary Proceedings Against Shea, 190 Wis. 2d 560, 527 N.W.2d 314 (1995), actionable via SCR 20:8.4(f).[2]

- **Count Five:** By failing to disclose to the OLR the full extent of funds converted from the firm; by failing to initially disclose the full amount of fees received from JBG Consulting Services, an entity that served to convert client funds belonging to the firm; by failing to disclose to the OLR that he had converted additional firm funds through another bank after specifically denying to the OLR that there was any other bank into which such deposits were made, Attorney Hotvedt violated SCR 22.03(2)[3] and SCR 22.03(6),[4] enforced through 20:8.4(h).[5]

---

[2] SCR 20:8.4(f) provides: "It is professional misconduct for a lawyer to: . . . violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers.

[3] SCR 22.03(2) provides:

Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

¶12 In the stipulation, Attorney Hotvedt represented that he fully understands the misconduct allegations; fully understands his right to contest the matter; fully understands the ramifications of his entry into the stipulation; acknowledges that he has had the representation and advice of counsel; and states that the entry into the stipulation is made knowingly and voluntarily.

¶13 As noted above, the parties agreed that an appropriate level of discipline for Attorney Hotvedt's misconduct was an 18-month suspension of his license to practice law in Wisconsin. The referee agreed.

¶14 The referee's August 30, 2016 report and recommendation found that the OLR met its burden of proof with respect to the five counts of misconduct set forth above. The referee said the amount of firm money misappropriated by Attorney Hotvedt, coupled with the attorney's admitted allegations of failing to cooperate with the OLR, supported a very serious level of discipline. The referee commented that

---

[4] SCR 22.03(6) provides: "In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

[5] SCR 20:8.4(h) provides: "It is professional misconduct for a lawyer to: . . . fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(6), or SCR 22.04(1)."

deciding on an appropriate level of discipline was made more difficult since the parties reached a stipulation and no contest agreement without a hearing, which meant the referee had no opportunity to meet and observe Attorney Hotvedt's demeanor as to his misconduct.

¶15 The referee went on to say that an 18-month suspension for a relatively new attorney who recently started a new firm is a significant discipline, particularly considering the additional time it may take for him to be reinstated under the reinstatement procedures dictated by SCR 22.28(3). The referee noted that Attorney Hotvedt has no prior disciplinary history; he reached an agreement with his former firm regarding restitution; and he ultimately was willing to enter into a stipulation and no contest agreement. Upon consideration of all those factors, the referee said he had no difficulty agreeing to recommend the 18-month suspension recommended by both the OLR and Attorney Hotvedt as part of the stipulation.

¶16 This court will adopt a referee's findings of fact unless they are clearly erroneous. Conclusions of law are reviewed de novo. See In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747. The court may impose whatever sanctions it sees fit, regardless of the referee's recommendation. See In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶17 We adopt the referee's findings of fact and conclusions of law that Attorney Hotvedt violated the supreme

court rules as alleged in the five counts set forth above. We further agree with the referee that an 18-month suspension of Attorney Hotvedt's license to practice law in Wisconsin is an appropriate level of discipline. Since no two cases are precisely the same, there is no standard sanction for any particular misconduct. We note that in In re Disciplinary Proceedings Against Brown, 2005 WI 49, 280 Wis. 2d 44, 695 N.W.2d 295, this court accepted a stipulation in which an attorney agreed to an 18-month suspension for accepting fees from clients while informing his law firm he was acting pro bono, converting fees belonging to the law firm, and making misrepresentations to the OLR as part of its investigation. We find the misconduct at issue in this case to be somewhat analogous to the misconduct in Brown, and we find a similar suspension to be appropriate. We also deem it appropriate, as is our usual custom, to impose the full costs of this disciplinary proceeding on Attorney Hotvedt.

¶18 IT IS ORDERED that the license of John E. Hotvedt to practice law in Wisconsin is suspended for a period of 18 months, effective December 30, 2016.

¶19 IT IS FURTHER ORDERED that within 60 days of the date of this order, John E. Hotvedt shall pay to the Office of Lawyer Regulation the costs of this proceeding, which are $6,309.67.

¶20 IT IS FURTHER ORDERED that John E. Hotvedt shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶21 IT IS FURTHER ORDERED that compliance with all conditions with this order is required for reinstatement.  <u>See</u> SCR 22.28(3).

1