# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE No.: | 2016AP48-D |

| | |
|---|---|
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against John Hotvedt, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>       Complainant,<br>   v.<br>John Hotvedt,<br>       Respondent. |

ATTORNEY HOTVEDT REINSTATEMENT PROCEEDINGS
Reported at 372 Wis. 2d 68,888 N.W.2d 393
PDC No:2016 WI 93 - Published

| | |
|---|---|
| OPINION FILED: | June 4, 2021 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | |
|   COUNTY: | |
|   JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| Per Curiam. | |
| NOT PARTICIPATING: | |

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2016AP48-D

STATE OF WISCONSIN     :     IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against John Hotvedt, Attorney at Law:**

**Office of Lawyer Regulation,**

     **Complainant,**

     **v.**

**John Hotvedt,**

     **Respondent.**

**FILED**

**JUN 4, 2021**

Sheila T. Reiff
Clerk of Supreme Court

---

ATTORNEY reinstatement proceeding. *Reinstatement granted.*

¶1 PER CURIAM. We review a report filed by Referee Kim M. Peterson, recommending this court reinstate John Hotvedt's license to practice law in Wisconsin. After careful review of the matter, we agree that Attorney Hotvedt's license should be reinstated. We also conclude that Attorney Hotvedt should be required to pay the full costs of this reinstatement proceeding, which are $4,867.82 as of May 5, 2021.

¶2 Attorney Hotvedt was admitted to the practice of law in Wisconsin on May 21, 2001. He currently resides in Burlington,

Wisconsin and is employed as a Vice-President for the Bear Real Estate Group (BREG) in Kenosha.

¶3 On November 18, 2016, this court suspended Attorney Hotvedt's Wisconsin law license for 18 months, effective December 30, 2016, and ordered Attorney Hotvedt to pay the costs of the disciplinary proceeding. In Re Disciplinary Proceedings Against Hotvedt, 2016 WI 93, ¶17, 372 Wis. 2d 68, 888 N.W.2d 393. In that matter, the referee recommended the disciplinary suspension after Attorney Hotvedt stipulated to the facts alleged in the disciplinary complaint filed by the Office of Lawyer Regulation (OLR), and agreed with the OLR that an 18-month suspension of his law license was merited.

¶4 Specifically, Attorney Hotvedt stipulated that he committed five counts of professional misconduct related to actions he took while associated with his former law firm as well as actions during his withdrawal from that firm. Attorney Hotvedt converted to his own use client funds belonging to the firm in excess of $173,000, in violation of Supreme Court Rule (SCR) 20:8.4(c); wrote off client fees owed to the firm, in violation of SCR 20:8.4(c); established a consulting firm to convert client fees while still employed by his firm, in violation of SCR 20:8.4(c); breached his fiduciary duty to his firm by misrepresenting to his firm that he would not bill or otherwise recover client fees from firm clients, converting client funds owed to his law firm, writing off client billings, and establishing a consulting firm for the purpose of converting client fees owed to the firm, all in violation of SCR 20:8.4(f); and failed to

2

disclose to the OLR during its investigation the full extent of funds he converted from his firm and otherwise making misrepresentations to the OLR during its investigation, in violation of SCRs 20:8.4(h), 22.03(2) and (6). See Hotvedt, 2016 WI 93, ¶11.

¶5 Attorney Hotvedt filed a petition for reinstatement of his license to practice law on November 12, 2019. After an investigation, the OLR initially opposed Attorney Hotvedt's reinstatement because it appeared that Attorney Hotvedt had continued to practice law despite his law license suspension. See SCR 22.29(4)(b). The OLR observed that, during his license suspension, Attorney Hotvedt worked for BREG, a former firm client for which he worked prior to his suspension, and his duties appeared to include law-related work.

¶6 Admittedly, SCR 22.26(2) permits a suspended attorney to engage in "law related work" if the lawyer's efforts are engaged "for a commercial employer itself not engaged in the practice of law." Id. In other words, while suspended lawyers cannot practice law and cannot perform law student, law clerk, or other paralegal personnel work for entities engaged in the practice of law, they can perform law student, law clerk, or other paralegal personnel work for commercial employers who are not engaged in the practice of law. Id.

¶7 The OLR acknowledged that BREG "is obviously not a law firm; it is a commercial employer in the real estate industry." However, it initially appeared that Attorney Hotvedt's employment with BREG exceeded the limited scope allowed by SCR 22.26(2). His

3

work as an employee of BREG appeared "largely indistinguishable from his work as their outside counsel." So, the OLR expressed concern that Attorney Hotvedt's work for BREG constituted "the improper practice of law during his period of suspension." If true, this concern would implicate several other reinstatement criteria, so the OLR questioned whether Attorney Hotvedt could satisfactorily fulfill other reinstatement criteria, as well.

¶8 The referee conducted a public evidentiary hearing on Attorney Hotvedt's reinstatement petition on December 15, 2020. The question of his work during his license suspension was thoroughly explored. Both parties filed post-hearing briefs. After the hearing, the OLR withdrew its objection to Attorney Hotvedt's reinstatement.

¶9 On January 21, 2021, the referee filed a report recommending that this court grant Attorney Hotvedt's reinstatement petition. Critical to the referee's recommendation is the referee's conclusion that Attorney Hotvedt did not impermissibly practice law during his license suspension.

¶10 Neither party has appealed from the referee's recommendation, so the court considers this matter pursuant to SCR 22.33(3).[1] On review, we accept a referee's findings of fact unless they are clearly erroneous. We review a referee's legal conclusions, including whether the attorney has satisfied the

---

[1] SCR 22.33(3) provides: "If no appeal is timely filed, the supreme court shall review the referee's report, order reinstatement, with or without conditions, deny reinstatement, or order the parties to file briefs in the matter."

criteria for reinstatement, on a de novo basis. See In re Disciplinary Proceedings Against Jennings, 2011 WI 45, ¶39, 334 Wis. 2d 335, 801 N.W.2d 304; In re Disciplinary Proceedings Against Gral, 2010 WI 14, ¶22, 323 Wis. 2d 280, 779 N.W.2d 168.

¶11 Supreme Court Rule 22.29(4)[2] provides that a petition for reinstatement must show all of the following:

(a) The petitioner desires to have the petitioner's license reinstated.

(b) The petitioner has not practiced law during the period of suspension or revocation.

(c) The petitioner has complied fully with the terms of the order of suspension or revocation and will continue to comply with them until the petitioner's license is reinstated.

(d) The petitioner has maintained competence and learning in the law by attendance at identified educational activities.

(e) The petitioner's conduct since the suspension or revocation has been exemplary and above reproach.

(f) The petitioner has a proper understanding of and attitude toward the standards that are imposed upon members of the bar and will act in conformity with the standards.

(g) The petitioner can safely be recommended to the legal profession, the courts and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence and in

---

[2] Effective January 1, 2021, substantial changes were made to the rules pertaining to lawyer disciplinary procedures, including the reinstatement rules, SCR 22.29 through 22.33. See S. Ct. Order 19-06, 19-07, 19-08, 19-09, 19-10, 19-11, and 19-12, 2020 WI 62 (issued June 30, 2020, eff. Jan. 1, 2021). Because this reinstatement proceeding commenced prior to January 1, 2021, unless otherwise indicated, all references to the supreme court rules will be to those in effect prior to January 1, 2021.

general to aid in the administration of justice as a member of the bar and as an officer of the courts.

(h) The petitioner has fully complied with the requirements set forth in SCR 22.26.

(j) The petitioner's proposed use of the license if reinstated.

(k) A full description of all of the petitioner's business activities during the period of suspension or revocation.

¶12 In addition, SCR 22.29(4m) requires the petitioner to show that he or she has made restitution to or settled all claims of persons injured or harmed by the petitioner's misconduct, including reimbursement to the Wisconsin Lawyers' Fund for Client Protection for all payments made from that fund, or explained the failure or inability to do so. Supreme Court Rule 22.31(1)(c) provides that an attorney seeking reinstatement has the burden of demonstrating all of the above requirements by clear, satisfactory, and convincing evidence.

¶13 Supreme Court Rule 22.31(1) also provides that an attorney seeking reinstatement must show by clear, satisfactory, and convincing evidence that he or she has the moral character to practice law; that his or her resumption of the practice of law will not be detrimental to the administration of justice or subversive to the public interest; and that he or she has complied with SCR 22.26 and the terms of the underlying disciplinary order. See SCR 22.31(1)(a), (b), and (d).

¶14 The referee's report focuses on what the referee viewed as the most significant challenge facing Attorney Hotvedt's reinstatement: whether he failed to satisfy SCR 22.29(4)(b)

6

because he practiced law during his license suspension. The relevant rule provides:

> An attorney whose license to practice law is suspended or revoked or who is suspended from the practice of law may not engage in this state in the practice of law or in any law work activity customarily done by law students, law clerks, or other paralegal personnel, *except that the attorney may engage in law related work in this state for a commercial employer itself not engaged in the practice of law.*

SCR 22.26(2)(Emphasis added.)

¶15 As the referee explained, "[t]here has been some question about whether Mr. Hotvedt practiced law during his suspension, while working at Bear Real Estate Group." The referee examined SCR 22.26(2), noting when working for a commercial employer, "law related work" has been defined as work of a type done by non-lawyers. The referee considered In re Disciplinary Proceedings Against Hyndman, 2002 WI 6, 249 Wis. 2d 650, 638 N.W.2d 293, a case concluding that a lawyer who represented his commercial employer in small claims court and made appearances at creditors' meetings in federal bankruptcy proceedings while under revocation was working within the permitted scope of SCR 22.26(2). The referee definitively concluded that given the specifics of Attorney Hotvedt's employment he "has not engaged in the practice of law." The referee explains:

> First, Bear Real Estate Group is a commercial employer that is not itself engaged in the practice of law. Mr. Hotvedt was not involved in work that would normally be performed by a lawyer. In fact, both Mr. Mills and Mr. Hotvedt testified that Bear hired outside counsel for its legal work and spent a considerable amount of money on outside lawyers. (Tr. 24:19-27:11).

7

Moreover, work that could be considered "law related" was work that is routinely performed by non-lawyers. (Tr. 22:2-24:14). For example, Mr. Mills testified that Mr. Hotvedt sometimes drafted various real estate documents or contracts, but that work was the same type of work that other non-lawyer employees at the company also performed. (Tr. 23:1-24:6). Mr. Hotvedt testified similarly, that there were other employees, who were not lawyers, performed the same type of law related work that he did, like drafting contracts, dealing with commercial leases, engaging in real estate transactions, and similar work. (Tr. 85:22-87:12).

Finally, Mr. Hotvedt took many steps to ensure that he did not engage in the practice of law while at Bear, such as hiring counsel to help him determine what he could and could not do while working at Bear. Also, after hearing the testimony presented the OLR has withdrawn any objection to Mr. Hotvedt's reinstatement.

¶16 We agree with the referee's conclusion that Attorney Hotvedt's activities on behalf of his employer while he was under suspension did not constitute the practice of law within the proscription of SCR 22.26(2), such that he has established SCR 22.29(4)(b). The testimony at the public hearing indicates that Attorney Hotvedt consulted with counsel in deciding which tasks to undertake, and that he did not hold himself out as lawyer. A review of the testimony and statements in the post-hearing briefs support the referee's finding and conclusion. As the OLR observed, Attorney Hotvedt "took a conservative, measured approach to what work he did for [BREG]." Accordingly, we accept the referee's findings and conclusions as they pertain to Attorney Hotvedt's satisfactory compliance with SCR 22.29(4)(b).

¶17 Our task, however, is not merely to review, de novo, the referee's conclusion that Attorney Hotvedt satisfied the reinstatement requirements of SCR 22.29(4)(b). Rather, we must

8

consider more broadly whether Attorney Hotvedt met his burden with respect to all the applicable reinstatement criteria. In this, our review is hindered by a very cursory report, which lacks detailed factual findings and conclusions regarding the various other reinstatement criteria. The referee simply lists bare bones findings and conclusions, without analysis, and announces that reinstatement is appropriate. However, by parsing through the record before us we are able to discern that Attorney Hotvedt has satisfactorily met the reinstatement criteria delineated above, thereby avoiding the costly delay that a remand for further proceedings would entail.

¶18 Several of the reinstatement criteria are not disputed. Attorney Hotvedt's reinstatement petition states that he desires to have his license reinstated, SCR 22.29(a). See also Referee Finding 2. The record indicates that Attorney Hotvedt has maintained competence and learning in the law by attendance at identified educational activities, SCR 22.29(d).[3] Attorney Hotvedt's reinstatement petition indicates that, if reinstated, he intends to continue his employment with BREG, thereby satisfying SCR 22.29(4)(j). The reinstatement petition recounted Attorney Hotvedt's business activities during his period of suspension, SCR 22.29(4)(k), a factor that was thoroughly explored as it is

---

[3] In his reinstatement petition Attorney Hotvedt itemized the continuing legal education classes he has completed. Pet. at 5. By memorandum dated August 12, 2020, the Board of Bar Examiners confirmed that Attorney Hotvedt had attended sufficient seminars and is in compliance with the court's CLE and EPR requirements.

ancillary to the question of whether he practiced law during his license suspension.  See also Referee Findings 9-10.[4]  The record supports the referee's finding that Attorney Hotvedt has made restitution to or settled all claims of persons injured or harmed by his misconduct, or explained the failure or inability to do so, SCR 22.29(4m); see also Referee Finding 11.[5]

¶19 Determining whether Attorney Hotvedt established the remaining criteria requires some inferences on our part, but we deem them permissible inferences based on the available facts of record.  For example, the referee found that Attorney Hotvedt complied with the terms of the order of revocation and will continue to comply with them until his license is reinstated, as required by SCR 22.29(4)(c).  See Referee Finding 4.  Similarly, the referee determined that Attorney Hotvedt has complied with SCR 22.29(4)(h).  See Referee Finding 5.  Presumably, these determinations derive from the referee's reasoned conclusion that Attorney Hotvedt did not engage in unauthorized practice of law, so we accept them.

¶20 The basis for the referee's remaining conclusions is less clear.  The referee determined, without explanation, that Attorney Hotvedt's conduct since the suspension has been exemplary

---

[4] If reinstated, Attorney Hotvedt intends to use his license to practice law as an adjunct to his activities for his current employer, BREG.

[5] The record indicates that Attorney Hotvedt has acknowledged that his misconduct resulted in financial loss to his former law firm, and avers that he had resolved that loss before his license suspension, by a mutual settlement and release.

10

and above reproach, as required by SCR 22.29(4)(e), see Referee Finding 6; that he has a proper understanding of and attitude towards the standards that are imposed upon members of the bar and will act in conformity with the standards as required by SCR 22.29(4)(f), see Referee Finding 7; and that he can be safely recommended to the legal profession, the courts and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence and in general to aid in the administration of justice as a member of the bar and as an officer of the courts, SCR 22.29(4)(g), see Referee Finding 8. The referee did not explicitly find or conclude that Attorney Hotvedt has the moral character to practice law, as required by SCR 22.31(1)(a), although the referee's assessment that he has satisfied this factor is implicit in her other findings and conclusions and given the evidence in the record.[6]

¶21 In concluding these factors are indeed satisfied, we are guided by positive character references submitted by Attorney Hotvedt;[7] by statements made by witnesses regarding his character

---

[6] During the evidentiary hearing, counsel questioned Mr. Stephen R. Mills, Attorney Hotvedt's employer, and Attorney Todd A. Terry, his colleague, as to whether they believe that Attorney Hotvedt has the moral character to practice law. Both unequivocally opined that he does.

[7] Attorney J. Michael McTernan commented favorably on Attorney Hotvedt's "high moral character." Attorney Thomas M. Santarelli stated that he believes Attorney Hotvedt is "honest" and "ethical" and states he has never observed him "compromise moral character for anything." Attorney Katherine R. Rist states that she believes Attorney Hotvedt "has sound character and fitness to practice law."

11

during the evidentiary hearing;[8] by statements in Attorney Hotvedt's response to the OLR reinstatement questionnaire acknowledging that his previous misconduct was wrong and expressing remorse; by statements Attorney Hotvedt made during the evidentiary hearing;[9] by the OLR's statements confirming that it uncovered, "no direct objective evidence that Attorney Hotvedt's resumption of the practice of law would be detrimental to the administration of justice or subversive of the public interest"; and, finally, the OLR's post-hearing brief, confirming that it does not oppose his reinstatement. Therefore, on balance, we are persuaded that Attorney Hotvedt is entitled to reinstatement of his license to practice law in Wisconsin.

¶22 With respect to the costs of this reinstatement proceeding, it is our general practice to assess the full costs of the proceeding against the petitioning attorney. See SCR 22.24(1m). The OLR's statement of costs indicates that the costs of this proceeding, as of May 5, 2021, were $4,867.82. Attorney Hotvedt has not filed an objection to the OLR's statement of costs, and we find no basis to depart from our general policy

---

[8] Mr. Stephen R. Mills, Attorney Hotvedt's employer, and Attorney Todd D. Terry both testified favorably as to Attorney Hotvedt's conduct since his suspension, his moral character, and as to whether Attorney Hotvedt can be safely recommended to the legal profession, the courts, and the public as a person fit to be consulted and to act in matters of trust and confidence.

[9] Attorney Hotvedt testified about his volunteer efforts in the community and testified that he has worked very hard to re-establish his character and that he intends to "continue to do everything in my power to be . . . a good lawyer . . . and somebody that the [State] bar can be proud of despite my mistakes."

in this matter.   Accordingly, we impose the full costs of the reinstatement proceeding on Attorney Hotvedt.

¶23  IT IS ORDERED that the license of John Hotvedt to practice law in Wisconsin is reinstated, effective the date of this order.

¶24  IT IS FURTHER ORDERED that within 60 days of the date of this order, John Hotvedt shall pay to the Office of Lawyer Regulation the costs of this proceeding, which are $4,867.82 as of May 5, 2021, or enter into a payment agreement plan with the Office of Lawyer Regulation for the full payment of costs over a period of time.