# Supreme Court of Wisconsin

| | |
|---|---|
| CASE NO.: | 2022AP1916-D |

| | |
|---|---|
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Kevin R. Rosin, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>       Complainant,<br>    v.<br>Kevin R. Rosin,<br>       Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST ROSIN

| | |
|---|---|
| OPINION FILED: | April 25, 2023 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | |
|   COUNTY: | |
|   JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| Per Curiam. | |
| NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2022AP1916-D

STATE OF WISCONSIN       :       IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against**

**Kevin R. Rosin, Attorney at Law:**

**Office of Lawyer Regulation,**

     **Complainant,**

     **v.**

**Kevin R. Rosin,**

     **Respondent.**

**FILED**

**APR 25, 2023**

Sheila T. Reiff
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1 PER CURIAM. We review a stipulation filed by the Office of Lawyer Regulation (OLR) and Attorney Kevin R. Rosin pursuant to SCR 22.12.[1] In the stipulation, Attorney Rosin does

---

[1] SCR 22.12 provides as follows:

(continued)

not contest that he committed two acts of professional misconduct as alleged by the OLR in its complaint against him. Attorney Rosin also does not contest that a one-year suspension of his Wisconsin law license is appropriate discipline for his misconduct.

¶2 Upon careful review of the matter, we approve the stipulation and suspend Attorney Rosin's law license for one

---

(1) The director may file with the complaint a stipulation of the director and the respondent to the facts, conclusions of law regarding misconduct, and discipline to be imposed, together with a memorandum in support of the stipulation. The respondent may file a response to the director's memorandum within 14 days of the date of filing of the stipulation. The supreme court may consider the complaint and stipulation without the appointment of a referee, in which case the supreme court may approve the stipulation, reject the stipulation, or direct the parties to consider specific modifications to the stipulation.

(2) If the supreme court approves a stipulation, it shall adopt the stipulated facts and conclusions of law and impose the stipulated discipline.

(3) If the supreme court rejects a stipulation, a referee shall be appointed and the matter shall proceed as a complaint filed without a stipulation.

(3m) If the supreme court directs the parties to consider specific modifications to the stipulation, the parties may, within 20 days of the date of the order, file a revised stipulation, in which case the supreme court may approve the revised stipulation, adopt the stipulated facts and conclusions of law, and impose the stipulated discipline. If the parties do not file a revised stipulation within 20 days of the date of the order, a referee shall be appointed and the matter shall proceed as a complaint filed without a stipulation.

(4) A stipulation rejected by the supreme court has no evidentiary value and is without prejudice to the respondent's defense of the proceeding or the prosecution of the complaint.

2

year. We do not order any restitution, as none was requested by the OLR. Because this matter has been resolved by a stipulation under SCR 22.12 without the need for the appointment of a referee, we impose no costs on Attorney Rosin.

¶3 The facts of this disciplinary matter, as stipulated by Attorney Rosin, are as follows. Attorney Rosin was admitted to the practice of law in Wisconsin in May 2004. He does not have an address on file with the State Bar of Wisconsin. The most recent address known to the OLR is in Cedarburg, Wisconsin. Attorney Rosin has not previously been the subject of professional discipline.

¶4 At the time of the events giving rise to this matter, Attorney Rosin was a lawyer at an intellectual property law firm located in Illinois (hereafter, "the firm"). The terms of Attorney Rosin's employment at the firm required him to provide and bill all legal and patent-related services through the firm.

¶5 On May 3, 2021, Attorney Rosin formed a Wisconsin limited liability company dedicated to providing patent law services (hereafter, "the Wisconsin LLC"). He did not inform anyone at the firm that he had formed the Wisconsin LLC. Attorney Rosin understood that forming the Wisconsin LLC violated the terms of his employment with the firm.

¶6 On approximately May 6, 2021, Attorney Rosin solicited one of the firm's clients, C.G.J., to become a client of the Wisconsin LLC. On May 10, 2021, C.G.J. hired Attorney Rosin to perform patent-related services through the Wisconsin LLC. Attorney Rosin did not advise C.G.J. to terminate the firm's

3

representation of him, or tell anyone at the firm that he was providing services to C.G.J. outside of the firm.

¶7 Attorney Rosin provided patent-related services to C.G.J. through the Wisconsin LLC between May 10, 2021 and November 2021. C.G.J. paid the Wisconsin LLC $82,501 for those services. Attorney Rosin did not report or remit any of the fees to the firm upon their receipt.

¶8 In addition, on October 21, 2021, Attorney Rosin spoke with a representative of a company that was not a client of the firm. Attorney Rosin proposed that the company hire the Wisconsin LLC to provide intellectual property and/or patent-related services, and he sent the company a proposed engagement letter for hiring the Wisconsin LLC. The company chose not to retain the Wisconsin LLC's services.

¶9 On November 30, 2021, the founding partners of the firm asked Attorney Rosin about information they had received that he was operating the Wisconsin LLC and doing work for at least one firm client outside of the firm. Attorney Rosin told the partners that he had done some minimal consulting work independently of the firm for one client, but he denied having filed patent applications for the client. Shortly thereafter, the partners obtained additional information showing that Attorney Rosin had filed several patent applications through the Wisconsin LLC while employed by the firm. The partners then asked Attorney Rosin additional questions, at which time Attorney Rosin admitted that he had filed patent applications for C.G.J. through the Wisconsin LLC while employed by the firm.

¶10   On December 2 and 3, 2021, Attorney Rosin provided the founding partners of the firm with records showing the work he had done through the Wisconsin LLC while employed by the firm. On December 3, 2021, Attorney Rosin sent the firm a check for $36,914.80, which represented what the firm would have collected under Attorney Rosin's compensation formula if the work he had performed and billed through the Wisconsin LLC had been performed and billed through the firm.

¶11   The above-described conduct by Attorney Rosin gave rise to the two misconduct claims that the OLR brought against Attorney Rosin in its complaint, which it filed on November 7, 2022.

> **Count 1:** By forming [the Wisconsin LLC] to advance his own financial interests while employed by the firm; soliciting a firm client and providing services to that client outside the firm; billing, collecting and retaining for himself legal fees that should have been billed through the firm; soliciting another potential client to provide services outside the firm; and making misrepresentations to the firm when initially confronted with questions about his actions, in each instance, [Attorney] Rosin violated SCR 20:8.4(c).[2]

> **Count 2:** By forming [the Wisconsin LLC] to advance his own financial interests while employed by the firm; soliciting a firm client and providing services to that client outside the firm; billing, collecting and retaining for himself legal fees that should have been billed through the firm; soliciting another potential client to provide services outside the firm; and making misrepresentations to the firm when initially

---

[2] SCR 20:8.4 (c) provides: "It is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

confronted with questions about his actions, in each instance, [Attorney] Rosin breached his fiduciary duty to his firm and his duty of honesty in his professional dealings with his firm, in violation of the standard of conduct set forth in [In re] Disciplinary Proceedings Against Shea, 190 Wis. 2d 560, [527 N.W.2d 314 (1995),[3] actionable via] SCR 20:8.4(f).[4]

¶12 Attorney Rosin did not file an answer to the OLR's complaint. On January 24, 2023, however, the OLR and Attorney Rosin filed a stipulation whereby Attorney Rosin stipulated to all of the facts alleged and to the two counts of misconduct set forth in the complaint.

¶13 In the stipulation, Attorney Rosin states that the stipulation did not result from bargaining, and that he does not contest the facts and misconduct alleged by the OLR or the discipline sought by the OLR. Attorney Rosin further states that he fully understands the misconduct allegations; fully understands the ramifications should this court impose the stipulated level of discipline; fully understands his right to contest this matter; and fully understands his right to consult with counsel. Attorney Rosin represents that his entry into the stipulation is made knowingly and voluntarily, and that his

---

[3] In re Disciplinary Proceedings Against Shea, 190 Wis. 2d 560, 527 N.W.2d 314 (1995) holds that an attorney has a fiduciary duty and a duty of honesty in the attorney's professional dealings with the attorney's law firm.

[4] SCR 20:8.4(f) provides: "It is professional misconduct for a lawyer to violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers."

entry into the stipulation represents his decision not to contest the misconduct alleged in the complaint or the level and type of discipline sought by the OLR.

¶14 In its memorandum in support of the stipulation, the OLR points to prior decisions in which this court imposed significant suspensions for somewhat analogous conduct. See Matter of Disciplinary Proceedings Against Moodie, 2020 WI 39, 391 Wis. 2d 196, 942 N.W.2d 302 (imposing a six-month license suspension on an attorney who converted at least $8,665 in funds belonging to his law firm for his personal use by failing to tender billed fees to the firm or by collecting money directly from the client and writing-off his billable time; attorney had no disciplinary history, cooperated with the OLR's investigation, and expressed sincere remorse); see also In Re Disciplinary Proceedings Against Hotvedt, 2016 WI 93, 372 Wis. 2d 68, 888 N.W.2d 393 (imposing an 18-month license suspension on an attorney who converted over $173,000 in funds belonging to his law firm by writing-off fees owed to the firm, depositing client fee payments directly into his own personal bank account rather than depositing the fees into the firm account, and establishing a consulting firm for the purpose of converting client fees owed to the firm; attorney had no disciplinary history but failed to cooperate with the OLR's investigation); see also In re Disciplinary Proceedings Against Koenig, 2015 WI 16, 361 Wis. 2d 16, 859 N.W.2d 105 (imposing a two-year license suspension on an attorney who converted at least $39,920 in funds belonging to his law firm by directly accepting payments

for legal work from firm clients or other parties using firm resources in 37 separate instances without notifying the firm of such payments, and by periodically falsifying billing statements that he submitted to the firm).

¶15 Although no two disciplinary cases are exactly alike, Moodie, Hotvedt, and Koenig all establish that misappropriations of law firm funds will trigger lengthy license suspensions. The stipulated one-year suspension of Attorney Rosin's law license fits comfortably within this precedent. We note, too, that according to the OLR's memorandum in support of the stipulation, Attorney Rosin has been subjected to other sanctions for his misconduct: The Director of the Office of Enrollment and Discipline of the United States Patent and Trademark Office (USPTO) entered into a settlement agreement with Attorney Rosin related to the same misconduct whereby the USPTO publicly reprimanded Attorney Rosin, ordered him to serve a two-year probationary period, and ordered him to complete four hours of continuing legal education primarily concerning ethics, fiduciary duty, or a lawyer's duty of candor. If Attorney Rosin fails to comply with the terms of the agreement or any of the USPTO Rules of Professional Conduct during his two-year probationary period, he faces a six-month suspension of his license to practice before the USPTO.[5] We are satisfied that,

---

[5] We note that this matter is being presented to us as a de novo disciplinary action, not as a reciprocal disciplinary matter. As we explained in In re Disciplinary Proceedings Against Strizic, 2015 WI 57, ¶18 n.2, 362 Wis. 2d 659, 864 N.W.2d 869, our rules do not require the OLR "to automatically
(continued)

8

under the totality of the circumstances presented, this court's imposition of the stipulated one-year suspension of Attorney Rosin's Wisconsin law license will be sufficient to accomplish the objectives of the lawyer disciplinary system.

¶16 Accordingly, we accept the stipulation and impose the requested one-year suspension. We do not order restitution; as mentioned above, the OLR has not requested it, and Attorney Rosin has voluntarily made restitution of funds owed to the firm. Because the stipulation was filed at the outset of this proceeding, thereby avoiding litigation costs and the need to appoint a referee, we impose no costs on Attorney Rosin.

¶17 IT IS ORDERED that the license of Kevin R. Rosin to practice law in Wisconsin is suspended for a period of one year, effective May 25, 2023.

¶18 IT IS FURTHER ORDERED that Kevin R. Rosin shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

---

invoke the reciprocal disciplinary system whenever an attorney is publicly disciplined in another jurisdiction." As relevant here, SCR 22.22(2) states that upon receiving a certified copy of a judgment or order of another jurisdiction imposing discipline for misconduct of an attorney admitted to the practice of law in this state, the OLR director "may" file a reciprocal discipline complaint. "The statement in SCR 22.22(2) that the OLR director 'may' file a complaint demonstrates that the director has discretion to file a reciprocal discipline complaint, to file a de novo disciplinary action, or to take no action at all." Strizic, 362 Wis. 2d 659, ¶18 n.2. Here, the OLR has elected to file a de novo disciplinary action.

9

¶19 IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement. <u>See</u> SCR 22.28(3).