**2025 WI 18**

# Supreme Court of Wisconsin



IN THE MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
KEVIN R. ROSIN, ATTORNEY AT LAW

OFFICE OF LAWYER REGULATION,
*Complainant,*

*v.*

KEVIN R. ROSIN,
*Respondent.*

Nos. 2022AP1916-D & 2024AP156-D

Decided May 27, 2025

ATTORNEY REINSTATEMENT PROCEEDING

¶1     PER CURIAM.   This court has pending before it the parties' joint stipulation for the reinstatement of Attorney Kevin R. Rosin's license to practice law in Wisconsin.

¶2     Pursuant to Supreme Court Rule (SCR) 22.30(5)(b), the court may consider a reinstatement petition by stipulation when, as here, the Office of Lawyer Regulation (OLR) concludes after investigation that the petitioner has demonstrated, to the OLR director's satisfaction, that all of

the reinstatement criteria have been met. *See* SCR 22.305[1] and SCR 22.29.[2] The court then considers the petition and stipulation without the

---

[1] SCR 22.305 provides:

At all times relevant to the petition, the petitioner has the burden of demonstrating, by clear, satisfactory, and convincing evidence, all of the following:
(1) That he or she has the moral character to practice law in Wisconsin.
(2) That his or her resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest.
(3) That his or her representations in the petition, including the representations required by SCR 22.29(4)(a) to (m) and 22.29(5), are substantiated.
(4) That he or she has complied fully with the terms of the order of suspension or revocation and with the requirements of SCR 22.26.

[2] SCR 22.29 provides in pertinent part:

(4) The petition for reinstatement shall show all of the following:
(a) The petitioner desires to have the petitioner's license reinstated.
(b) The petitioner has not practiced law during the period of suspension or revocation.
(c) The petitioner has complied fully with the terms of the order of suspension or revocation and will continue to comply with them until the petitioner's license is reinstated.
(d) The petitioner has maintained competence and learning in the law by attendance at identified educational activities.
(e) The petitioner's conduct since the suspension or revocation has been exemplary and above reproach.
(f) The petitioner has a proper understanding of and attitude toward the standards that are imposed upon members of the bar and will act in conformity with the standards.
(g) The petitioner can safely be recommended to the legal profession, the courts and the public as a person fit to be consulted

appointment of a referee. *See* SCR 22.30(5)(b). The court may approve the stipulation and reinstate the petitioner's law license, or reject the stipulation and refer the petition to a referee for a hearing, or direct the parties to consider modifications to the stipulation. *Id.*

¶3 Upon consideration of Attorney Rosin's reinstatement petition, the OLR's response pursuant to SCR 22.30(4), the parties' stipulation pursuant to SCR 22.30(5)(a), and the OLR's memorandum in support of the stipulation pursuant to SCR 22.30(5)(a), we conclude that reinstatement is appropriate.

¶4 Attorney Rosin was admitted to the practice of law in Wisconsin in May 2004. His disciplinary history consists of a one-year license suspension, effective May 25, 2023 (*see In re Disciplinary Proceedings Against Rosin*, 2023 WI 32, 407 Wis. 2d 1, 988 N.W.2d 681 ("*Rosin I*")), and a six-month suspension imposed consecutively to the discipline ordered in *Rosin I* (*see In re Disciplinary Proceedings Against Rosin*, 2024 WI 29, 412 Wis. 2d 448, 8 N.W.3d 452 ("*Rosin II*")). In *Rosin I*, we held that Attorney

---

by others and to represent them and otherwise act in matters of trust and confidence and in general to aid in the administration of justice as a member of the bar and as an officer of the courts.

(h) The petitioner has fully complied with the requirements set forth in SCR 22.26.

(j) The petitioner's proposed use of the license if reinstated.

(k) A full description of all of the petitioner's business activities during the period of suspension or revocation.

(m) The petitioner has made restitution to or settled all claims of persons injured or harmed by petitioner's misconduct, including reimbursement to the Wisconsin lawyers' fund for client protection for all payments made from that fund, or, if not, the petitioner's explanation of the failure or inability to do so.

. . . .

(5) A petition for reinstatement shall be accompanied by an advance deposit in an amount to be set by the supreme court for payment of all or a portion of the costs of the reinstatement proceeding. The supreme court may extend the time for payment or waive payment in any case in which to do otherwise would result in hardship or injustice.

Rosin violated SCR 20:8.4(c)[3] and the standard of conduct set forth in *In re Disciplinary Proceedings Against Shea*, 190 Wis. 2d 560, 527 N.W.2d 314 (1995),[4] actionable via SCR 20:8.4(f),[5] by forming a Wisconsin limited liability company dedicated to providing patent law services in violation of the terms of his employment as an attorney at an intellectual property law firm; soliciting a firm client and providing services to that client outside the firm; billing, collecting, and retaining for himself legal fees that should have been billed through the firm; soliciting another potential client to provide services outside the firm; and making misrepresentations to the firm when initially confronted with questions about his actions. *See Rosin I*, 407 Wis. 2d 1. In *Rosin II*, we held that Attorney Rosin violated these same professional standards by engaging in conduct that allowed two firms to believe he was a full-time and exclusive employee of each firm for about a two week period; failing to tell either firm of his simultaneous employment by both firms; and/or misleading one or both firms as to the simultaneous employment. *See Rosin II*, 412 Wis. 2d 448.

¶5 Attorney Rosin filed a petition for the reinstatement of his Wisconsin law license on August 30, 2024. The OLR investigated Attorney Rosin's petition and, on January 9, 2025, filed a response stating that Attorney Rosin had demonstrated that he has satisfied all of the criteria for reinstatement and that a stipulation and supporting memorandum to that effect would be forthcoming. *See* SCR 22.30(4), (5)(a).

---

[3] SCR 20:8.4(c) provides: "It is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

[4] *In re Disciplinary Proceedings Against Shea*, 190 Wis. 2d 560, 527 N.W.2d 314 (1995) holds that an attorney has a fiduciary duty and a duty of honesty in the attorney's professional dealings with the attorney's law firm.

[5] SCR 20:8.4(f) provides: "It is professional misconduct to violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers."

¶6 On February 6, 2025, the parties filed a stipulation stating that Attorney Rosin has met his SCR 22.305 burden to prove by clear, satisfactory, and convincing evidence:

(1) That he has the moral character to practice law in Wisconsin.

(2) That his resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest.

(3) That his representations in the petition, including the representations required by SCR 22.29(4)(a) to (m) and 22.29(5), are substantiated.

(4) That he has complied fully with the terms of the order of suspension or revocation and with the requirements of SCR 22.26.

¶7 On February 24, 2025, the OLR filed a memorandum in support of the stipulation confirming that Attorney Rosin has satisfactorily complied with the terms of the suspension order and that the OLR did not identify any potentially adverse material issue during its investigation of Attorney Rosin's reinstatement petition.

¶8 The parties' joint stipulation for Attorney Rosin's reinstatement is now before us.

¶9 Based on the stipulation before us, and noting that the record contains no evidence to the contrary, we conclude that Attorney Rosin has established by clear, satisfactory, and convincing evidence that he has satisfied all of the criteria necessary for reinstatement. Accordingly, we accept the parties' stipulation pursuant to SCR 22.30(5)(b), and we reinstate Attorney Rosin's license to practice law in Wisconsin, effective the date of this order.

¶10 IT IS ORDERED that the petition for reinstatement of Kevin R. Rosin to practice law in Wisconsin is granted, effective the date of this order.

¶11     IT IS FURTHER ORDERED that no costs will be imposed in connection with this reinstatement proceeding.